■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LOPEZ Appellant.—Judgment of the Supreme Court, Bronx County, rendered October 23, 1975 (Indictment No. 3307/73), convicting defendant after trial of the crime of robbery in the third degree (Penal Law, § 160.05) and sentencing him to an indeterminate term of imprisonment of two and one-third to seven years, modified, on the law, by reducing the conviction to one for the crime of petit larceny (Penal Law, § 155.25) and the proceeding remitted to the Supreme Court for resentence (CPL 470.15, subd 2, par [a]; CPL 470.20, subd 3). Judgment of the Supreme Court, Bronx County, rendered October 23, 1975 (Indictment No. 3255/73), convicting defendant upon his plea of guilty to the crime of rape in the first degree (Penal Law, § 130.35) and sentencing him to an indeterminate term of imprisonment of 10 years, to run concurrently with the aforesaid sentence for robbery in the third degree, reversed and vacated as a matter of discretion in the interest of justice, and remanded to the Supreme Court for resentence. We are of the opinion that in the case under Indictment No. 3307/73, the court was not warranted in submitting to the jury the count which charged defendant with the crime of robbery in the third degree, as the evidence was insufficient as a matter of law. While complainant was on her way to work at 5:30 A.M., defendant emerged from behind a cluster of hedges, brandishing an automobile antenna and saying, "I got you now * * * you SOB". Defendant had not demanded her money and had not attempted to pull her handbag. It was only after the complaining witness dropped her purse during her struggle to protect herself from attack by defendant, that he picked it up and ran. The People's proof failed to establish beyond a reasonable doubt that at the time of his attack upon complainant, defendant had the intent to steal her pocketbook (People v Sabella, 35 NY2d 158, 168; People v Von Werne, 41 NY2d 584; People v Bonifacio, 190 NY 150, 156-157; cf., People v Cleague, 22 NY2d 363; People v Wachowicz, 22 NY2d 369). A Judge's rulings should not depend upon interpretation by "a person familiar with conditions in the City of New York", as stated by your dissenting brother. Whether a crime charged has been established is a matter of law, not emotion. Unless every element of a crime charged has been established beyond a reasonable doubt, a defendant's conviction for that crime cannot stand. The intent to commit a robbery is an indispensable ingredient of robbery. On the facts elicited at trial, that ingredient was lacking and robbery should not have been submitted to the jury. We are not excusing defendant's conduct as noncriminal; we are merely affirming his guilt for larceny, the crime which the proof shows he did commit beyond a reasonable doubt. (See People v France, 57 AD2d 432.) As to the sentence for rape (Indictment No. 3255/73): Although it has been contended that the probation report failed to disclose information concerning the commission of that crime (cf. CPL 390.20, subd 1 and CPL 390.30, subd 1) and that therefore the

sentence was illegal, we do not pass upon that point. We remand for resentence on the rape charge because we cannot say that the court was not influenced by the fact it had just sentenced defendant for the crime of robbery in the third degree. Accordingly, there should be a remand for appropriate sentencing on the defendant's plea of guilty to the crime of rape in the first degree. Concur—Lupiano, J. P., Birns, Lane and Markewich, JJ.; Silverman, J., dissents in the following memorandum: The defendant suddenly emerged from a cluster of hedges, attacked the victim with a car antenna, picked up her purse which she dropped during the attack, ran away with it, rifled through it, and stole some money from it. I think it is over-subtle and unrealistic to say that on this state of facts the evidence is insufficient as a matter of law to charge the defendant with the crime of robbery. "[T]he gist of robbery is larceny by force" *(People v Koerber,* 244 NY 147, 153). "Robbery is forcible stealing." (Penal Law, § 160.00.) This plainly was a robbery. Theoretically there are two possible interpretations of defendant's conduct. The first is that for no known reason defendant lurked behind the hedges and attacked a woman he did not know with a car antenna, and thereafter, after she had dropped her purse, he formed the intent to steal the purse. This gives no explanation of why he was lurking behind the hedges or why he attacked someone he did not knw. The second interpretation is that his intent in the whole incident was to steal a purse from a likely victim and for that reason and with that motive he hid behind some hedges until a likely victim, a lone woman carrying a purse, came along and then in pursuance of the same intention, he suddenly emerged from the hedges and attacked her with the antenna, and when she dropped her purse, he seized it and ran. While both interpretations are theoretically possible, surely any person familiar with conditions in the City of New York would find the latter interpretation more probable by far. And being the more probable, that interpretation is one that the jury had a right to accept. I therefore cannot agree that the evidence was insufficient to enable the jury to find beyond a reasonable doubt that the defendant's intent to steal was already in existence at the time of the attack, a couple of minutes before he picked up the purse and ran with it. The conviction of robbery in the third degree should therefore be affirmed. Once the majority has decided that the conviction of robbery must be modified, I quite agree that the matter should be returned for resentence, both on the larceny and the rape charge. But as I think the robbery conviction should be affirmed, I would also affirm the sentence on the rape charge.