■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT MARR, Appellant.—Motion for reargument granted to the extent of vacating the order of this court entered on May 31, 1979 [70 AD2d 573], recalling the memorandum decision filed therewith, substituting a new order and the following memorandum decision therefor: Judgment, Supreme Court, Bronx County, rendered December 9, 1977, after trial to a jury, modified, on the law, to reduce the conviction from robbery, second degree, to robbery, third degree, to vacate the sentence imposed, to remand for sentence on the count of robbery, third degree, and to dismiss the count of robbery, second degree, and to vacate the sentence imposed on the count of burglary, second degree, of which he was also convicted, and to remand for resentence on that count, and otherwise affirmed. Robbery, first degree, was the highest count submitted to the jury, charging forcible stealing while armed with and using or threatening immediate use of a dangerous instrument (Penal Law, § 160.15, subds 2, 3). As a lesser included count, the court erroneously submitted robbery, second degree, to the jury, charging stealing and causing physical injury during commission of the crime or immediate flight therefrom (Penal Law, § 160.10, subd 2, par [a]). Quite obviously, the latter was not a lesser count included in the former because of injection of an additional element. No such problem is found in respect to robbery, third degree (Penal Law, § 160.05). We "modify the judgment by changing it to one of conviction for the lesser offense" (CPL 470.15, subd [2], par [a]). While it is claimed by appellant that the trial court improvidently refused to interrupt the trial to take the testimony of a projected defense witness who had arrived during summations, there is no offer of proof found in the record which would indicate the materiality, relevance or even content of the projected evidence. In the circumstances we cannot begin to evaluate this argument. Bearing in mind that the sentence on each count of which convicted may well have an effect on the other, we also remand for resentence on the burglary count.

(See *People v Lopez,* 58 AD2d 516.) No other point is made that is worthy of comment. Concur—Kupferman, J. P., Bloom, Markewich and Ross, JJ.