(October 16, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DE JESUS, Appellant.—Judgment of the Supreme Court, Bronx County (Bernard Fried, J.), rendered June 10, 1986, convicting defendant Jose De Jesus, after a nonjury trial, of robbery in the first degree (Penal Law § 160.15 [3]) and assault in the second degree (Penal Law § 120.05 [6]), and sentencing him as a second violent felony offender to two concurrent indeterminate terms of from 10 to 20 years' imprisonment and from 3½ to 7 years' imprisonment, respectively, modified, on the law, defendant's conviction of first degree robbery is reversed, the sentence imposed for that offense vacated, and that charge dismissed from the indictment, and defendant's conviction for second degree assault is reduced to a conviction for the lesser included offense of assault in the third degree (Penal Law § 120.00), and the matter remanded for resentencing in accordance with the reduced conviction, and except as so modified, the judgment is otherwise affirmed.

On the evening of April 30, 1984, Mr. Washington Hinson left his apartment with the intention of moving his car. When he arrived at the vehicle, Hinson found Marilyn Negron sitting on it and asked her to get off, which she did. Codefendant Peter Rivera then approached Hinson and told him repeatedly that Ms. Negron was his wife. Hinson informed Rivera that he did not care whether Ms. Negron was his wife, he just wanted to move his car. Rivera, however, persisted and was soon joined by appellant, his codefendants Arcadio Morales and Rafael Vargas, as well as a yet unidentified individual described as a very large bald Hispanic male. Morales grabbed Hinson from behind and wrestled him to the ground whereupon the bald Hispanic reportedly said "Let's kill him". At this, appellant, his codefendants and the bald Hispanic began to beat Hinson with sticks and chains. The bald Hispanic is said to have brandished a gun. During the beating Hinson felt someone's hand enter his right front pocket and take what he testified was between $10 and $12 in currency.

Hinson's wife and son, who had been watching the above-described events from their apartment window, arrived on the scene several minutes after the beating started. Mrs. Hinson yelled that she would call the police and Mr. Hinson's assailants left the area. As a result of the beating Mr. Hinson was spitting up blood, bled from the nose, had double vision, and lost a tooth. He required both medical and dental treatment

and still experienced pain and difficulty breathing through his nose at the time of the trial in May 1985.

Appellant was apprehended the day after the incident. Thereafter, a 10-count indictment was handed down against him. Ultimately, appellant was convicted of only two of the offenses charged in the indictment: robbery in the first degree (Penal Law § 160.15 [3]) and assault in the second degree (Penal Law § 120.05 [6]). Appellant was acquitted of three counts (i.e., criminal use of a firearm in the first and second degrees [Penal Law §§ 265.09, 265.08] and robbery in the first degree [Penal Law § 160.15 (1)]), and the remaining five counts (i.e., robbery in the second degree [Penal Law § 160.10 (1), (2) (a)], criminal possession of stolen property in the third degree [Penal Law § 165.40] and two counts of criminal possession of a weapon in the fourth degree [Penal Law § 265.01 (2)]) were dismissed.

The problem with which we are faced on this appeal is that the record is devoid of any evidence that appellant intended to rob Mr. Hinson. Even when viewed in the light most favorable to the prosecution, the record discloses only that Rivera took offense at the manner in which Hinson addressed Negron; that a verbal confrontation followed leading to the assault upon Hinson in which Rivera was assisted by four nearby cohorts including appellant; and that sometime during the assault an unidentified party removed currency from Hinson's pocket. We cannot conclude from this sequence of events that appellant and the other assailants together intended to rob Hinson. And while it is clear that whoever removed the money from Hinson's pocket intended to do so, neither Hinson nor any of the other prosecution witnesses was able to identify the culprit.

A conviction of robbery cannot stand without proof of specific intent to steal *(People v Lopez,* 58 AD2d 516 [1st Dept 1977]). Where, as here, the codefendants are charged with acting in concert to rob, intent must be independently established as to each defendant; it cannot be imputed to all based upon proof offered against one codefendant *(see, People v La Belle,* 18 NY2d 405; *People v Bray,* 99 AD2d 470). Here, in any case, there was no proof of intent to rob offered against any of appellant's codefendants. All that was shown was that while Hinson was assaulted by appellant and his companions, he was robbed by an unidentified person. Clearly, appellant's robbery conviction may not rest on so deficient an evidentiary foundation *(see, People v Reyes,* 110 AD2d 663).

Finding as we do that appellant's robbery conviction must

be reversed, we are forced to conclude further that his conviction for second degree assault must be reduced. The second degree assault provision under which appellant was charged and convicted states:

"A person is guilty of assault in the second degree when * * *

"[i]n the course of and in furtherance of the commission or attempted commission of a felony, other than a felony defined in article one hundred thirty which requires corroboration for conviction, or of immediate flight therefrom, he, or another participant if there be any, causes physical injury to a person other than one of the participants" (Penal Law § 120.05 [6]).

As no felony or attempted felony contained in the indictment against appellant has been proven, appellant's conviction of second degree assault is not sustainable. We note, however, that, as appellant concedes, there is legally sufficient evidence to support a conviction of the lesser included offense of third degree assault (Penal Law § 120.00). We, therefore, exercise our power pursuant to CPL 470.15 (2) (a) and modify the judgment appealed from accordingly.

In closing, it must be remarked that we modify appellant's judgment of conviction with the greatest reluctance. The credible evidence adduced at trial demonstrated with overwhelming force that appellant participated in a brutal unprovoked assault upon Mr. Hinson leaving him with numerous painful and long-lasting injuries. Appellant's conviction for assault in the third degree, a class A misdemeanor with a maximum prison term of one year, is hardly an adequate sanction given the seriousness of his wrongdoing. At this stage of the proceedings, however, it is the only sanction which may be legally imposed. Although appellant might possibly have been indicted and convicted under other subdivisions of the second degree assault statute than the one actually employed (see, e.g., Penal Law § 120.05 [1], [2]), he was not. A defendant may only be found guilty of offenses with which he has been charged. Unfortunately, those offenses which were contained in the indictment against appellant, and against which he had an opportunity to defend, were proven only to the extent of warranting a conviction for the lesser included offense of assault in the third degree.

Appellant's counsel, by letter dated September 26, 1986, has notified the court of appellant's wish to submit a supplemental brief challenging the constitutionality of the felony conviction used by the sentencing court as a predicate for according him

second violent felony offender status. In light of the foregoing disposition of the case reducing appellant's conviction to a misdemeanor, he will not be resentenced as a second violent felony offender. There is then no need for supplemental briefs addressing the constitutionality of the previously obtained felony conviction. Concur—Murphy, P. J., Ross, Lynch and Wallach, JJ.