FIRST DEPARTMENT, JANUARY, 1987

(January 6, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TRACEY JONES, Respondent.—Order of the Supreme Court, New York County (Peggy Bernheim, J.), entered May 4, 1984, which, on the ground of repugnancy, set aside a jury verdict convicting defendant Tracey Jones of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]) and assault in the second degree (Penal Law § 120.05 [6]) and which dismissed indictment No. 3980/83, upon which the convictions were based, unanimously reversed, on the law, the indictment and convictions pursuant thereto are reinstated and the matter remanded for further proceedings.

At the same time defendant was convicted of attempted robbery involving the physical injury of a nonparticipant (Penal Law §§ 110.00, 160.10 [2] [a]), she was acquitted of attempted robbery with the aid of another person actually present (Penal Law §§ 110.00, 160.10 [1]). The circumstances underlying both the attempted robbery conviction and acquittal were the same. According to the complainant, Niurka Taylor, then a high school senior, on the morning of June 16, 1983, a gym bag was taken from her locker. She went in search of the bag and eventually found it in the first-floor ladies room where defendant and two other students were in the process of examining the bag's contents. Taylor retrieved the bag and began to leave the bathroom whereupon she was assaulted by defendant. A while after the assault started, a third young woman grabbed and tugged at a gold chain which Taylor wore around her neck. The scuffle was broken up before the chain could be taken and the young woman who had grasped and pulled at it, identified only as "Cynthia", left the scene undeterred. Cynthia was not charged in connection with the incident and did not appear as a witness at defendant's trial.

401

Defendant was acquitted of all wrongdoing with which she was charged regarding the gym bag. The attempted robbery conviction and the attempted robbery acquittal pertained to the gold chain alone.

The trial court found the jury verdict repugnant based on the following reasoning: In acquitting defendant of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]), the jury found that the People failed to prove that defendant attempted to steal the chain with the aid of another person actually present; since there was no evidence that defendant attempted to commit a robbery except with the aid of another actually present, the conviction of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]) was not sustainable. The court observed, "[T]here was absolutely no way of construing the evidence that Tracey [defendant] had anything to do with the robbery unless the second person was involved". A bit later, the court remarked even more emphatically, "given that set of facts there could be no attempted robbery in this case because having sat through the testimony the victim herself said, 'the other one that was there grabbed for the chain at my neck * * *'" there is no evidence in this case, none, void. Not even a speculation as to this defendant's attempt to grab that chain. None."

However valid the trial court's observation as to the sufficiency of the evidence underlying the conviction for attempted robbery in the second degree, evidentiary insufficiency was not the ground upon which defendant sought to have the verdict set aside. Defendant's challenge to the verdict was predicated on repugnancy, and it was at least purportedly for repugnancy that the verdict was set aside.

A verdict is repugnant where a jury with regard to identical underlying circumstances convicts a defendant of one offense while acquitting him or her of another offense whose elements are necessarily included in the offense for which he has been convicted. *(People v Tucker,* 55 NY2d 1 [1981].) The inquiry to be conducted by a court in ruling on a repugnancy challenge does not concern whether the jury has properly weighed the evidence as to each count; the jury's deliberative process is for sound policy reasons protected from such scrutiny *(see, supra,* at p 7). Rather, the issue is whether the jury's ultimate determinations as to guilt can be harmonized with its ultimate determinations as to innocence. This issue can be resolved only by examination of the court's charge to the jury to see how the jury was instructed as to the elements of each count *(supra).* If the charge does not define the offenses in-

volved in such a way as to make an acquittal of one crime conclusive as to a necessary element of a second crime for which a guilty verdict was rendered, there is no repugnancy. *(Supra.)*

In the present case, the trial court routinely instructed the jury as to the elements of both of the attempted second degree robbery offenses charged in the indictment. It was explained that to convict under either attempted robbery count the jury would have to find that defendant attempted to steal with the intention of forcibly appropriating property from the owner. As the court made clear, however, the attempted robbery offenses charged were not otherwise identical; one required that defendant be aided by another actually present (Penal Law §§ 110.00, 160.10 [1]), while the other required that defendant in the course of the crime cause physical injury to a nonparticipant in the crime (Penal Law §§ 110.00, 160.10 [2] [a]).

Given the fact that the offenses, although overlapping as to some of their elements, were distinguished one from the other by additional, differing elements, there could have been no repugnancy. An acquittal on one charge will only conclusively demonstrate a failure of proof as to an element of another crime charged concerning the same circumstances when the elements of the crime for which the acquittal was rendered are wholly contained in the other crime. This is because an acquittal may result from a failure of proof as to any of the elements of a crime and it is, therefore, impossible to know conclusively if the failure pertained to an element in the second crime unless, of course, all of the elements of the first crime are contained in the second. Here, as noted, and as the jury was charged, all the elements of attempted robbery in the second degree in which the defendant is aided by another present are not contained in attempted robbery in the second degree involving injury to a nonparticipant. Thus, defendant's acquittal of the former did not conclusively demonstrate a failure of proof as to any element of the latter. The verdict was, therefore, not repugnant.

The trial court's inference that the jury, in acquitting on the first attempted robbery count while convicting on the second, must have, considering the overlap in the elements of the offenses charged in those counts, determined that there was insufficient proof to establish that defendant was aided by another present, may be valid. However, assuming that it is valid, it does not demonstrate any failure of proof concerning the elements of attempted robbery involving injury to a

nonparticipant. Being aided by another present is not an element of that crime.

What we think troubled the court was not the verdict's inherent inconsistency, for the verdict was entirely consistent, but rather that the verdict seemed to indicate that the jury had concluded that defendant committed the attempted robbery on her own. This conclusion the court opined had no evidentiary basis.

Whether there was, as a matter of law, sufficient evidence to support defendant's attempted robbery conviction remains an open question. All that we determine on this appeal by the People is that there was no inherent inconsistency in the verdict when considered in light of the charge, and therefore, that the verdict was not repugnant.

Although we do not, and indeed cannot, in the context of this appeal, pass upon the legal sufficiency of the evidence underlying defendant's convictions, we think it appropriate to note that serious questions in this regard are raised by the record. The trial court, it would appear, was correct in its observation that there was no evidence that defendant herself made any attempt to steal the gold necklace. It would appear further that there was very little, if any, evidence from which the jury could have concluded that defendant shared Cynthia's intent to steal the necklace, and so acted in concert with her toward that end. Proof of a defendant's specific intent to steal is indispensable to a second degree robbery conviction (*People v Lopez,* 58 AD2d 516 [1st Dept 1977]; *see also, People v Reyes,* 110 AD2d 663 [2d Dept 1985]; *People v De Jesus,* 123 AD2d 563 [1st Dept 1986]), and it is doubtful whether there was such proof in this case.

We note that at the conclusion of the People's case defendant did move to dismiss the robbery and felony assault counts on grounds of evidentiary insufficiency and that the issue is thus preserved should defendant pursue an appeal (CPL 470.05 [2]). Alternatively, since sentence has not yet been imposed, defendant may wish to make a new motion to set aside the verdict pursuant to CPL 330.30 (1) on the ground of evidentiary insufficiency. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.

■ JAMES B. HERBERT, as Administrator of the Estate of JAMES R. B. HERBERT, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants.—Order of the Supreme Court, New York County (Jawn A. Sandifer, J.), entered on or about June 11, 1986, which denied defendants-appellants' motion for a