■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCADIO MORALES, Appellant.—Judgment, Supreme Court, Bronx County (Bernard Fried, J.), rendered June 10, 1985, which convicted defendant, after a bench trial, of robbery in the first degree (Penal Law § 160.15 [3]) and assault in the second degree (Penal Law § 120.05 [6]), and sentenced him to a prison term, modified on the law by (1) reversing the conviction of robbery in the first degree, vacating the sentence imposed thereon, and dismissing that count, and (2) reducing the conviction for assault in the second degree to the lesser included offense of assault in the third degree (Penal Law § 120.00 [1]), and the matter remanded for resentencing, and otherwise affirmed.

On the evening of April 30, 1984, Washington Hinson left his apartment with the intention of moving his car. Having arrived at the vehicle, he asked Marilyn Negron, who was sitting on his car, to move, which she did. At this point, Peter Rivera approached Hinson and told him that Negron was his

wife. Hinson replied that he didn't care, he just wanted to move his car. Thereafter, Rivera was joined by codefendants Arcadio Morales, Jose De Jesus, Antonio Morales, Raphael Vargas and an unidentified Hispanic male. Further words were exchanged. Defendant-appellant Morales grabbed Hinson from behind and wrestled him to the ground. The unidentified man reportedly said "Let's kill him" and the men began to beat Hinson with sticks and chains. The unidentified man also reportedly had a gun. During the beating, Hinson felt a hand go into his right front pocket and remove $12. On the stand, Hinson was unable to identify who removed the money. Hinson's wife and son arrived on the scene shortly after the attack began and threatened to call the police. At this point the men moved away from Mr. Hinson, and Mrs. Hinson then called the police. Mr. Hinson required both medical and dental treatment as a result of the attack.

The next night, defendant, who was identified by Hinson and his son outside a social club, was arrested.

Defendant was convicted of robbery in the first degree and assault in the second degree and sentenced. A codefendant, De Jesus, was also convicted of the same crimes, but his robbery conviction was reversed by this court for lack of proof of intent to steal. The assault conviction was reduced to assault in the third degree for the same reason. *(People v De Jesus,* 123 AD2d 563 [1st Dept 1986].) Morales moved to have this decision applied to him, but the motion was denied on January 15, 1987.

On appeal, defendant argues that the evidence was insufficient as a matter of law to establish that he had the intent to steal, a necessary element to prove the crime of robbery in the first degree.

To convict a person of robbery in the first degree, it must be proven beyond a reasonable doubt that such defendant acted with the specific intent to steal property *(People v Lopez,* 58 AD2d 516 [1st Dept 1977]). Where codefendants are charged with acting in concert to commit a robbery, the specific intent of each defendant to commit the robbery must be independently established. Proof of the intent of one codefendant may not be imputed to the others *(see, People v La Belle,* 18 NY2d 405 [1966]; *People v Bray,* 99 AD2d 470 [2d Dept 1984]). In addition, proof of the intent to injure a victim, which is sufficient to establish assault, may not be relied upon to establish the culpability requirements of robbery *(People v Reyes,* 110 AD2d 663 [2d Dept 1985]). This court in *People v De Jesus (supra,* at 564) stated: "Here, in any case, there was no

proof of intent to rob offered against any of [De Jesus'] codefendants. All that was shown was that while Hinson was assaulted by [De Jesus] and his companions, he was robbed by an unidentified person. Clearly, [De Jesus'] robbery conviction may not rest on so deficient an evidentiary foundation".

Since this court there found insufficient evidence to establish the requisite intent by De Jesus or his companions to commit a robbery, the conviction herein for robbery in the first degree must be reversed. An inference that defendant intended to rob, based on his role as the apparent instigator, is insufficient to prove the requisite intent to steal in the absence of specific evidence that defendant did more than commit an assault.

Both Morales and codefendant De Jesus were also convicted of assault in the second degree. (Penal Law § 120.05 [6].) De Jesus' conviction was reduced in light of the reversal on the robbery conviction. Penal Law § 120.05 (6) provides, in pertinent part, that a person is guilty of assault in the second degree when: "In the course of and in furtherance of the commission or attempted commission of a felony, other than a felony defined in article one hundred thirty which requires corroboration for conviction, or of immediate flight therefrom, he, or another participant if there be any, causes physical injury to a person other than one of the participants".

Since no felony or attempted felony was proven, the conviction of defendant for assault in the second degree cannot be sustained. However, there is sufficient evidence to support a conviction of the lesser included offense of assault in the third degree (Penal Law § 120.00 [1]). Concur—Sullivan, J. P., Ross, Kassal, Wallach and Smith, JJ.