■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (Bernard Fried, J.), rendered June 10, 1985, convicting

defendant, after a nonjury trial, of robbery in the first degree and assault in the second degree and sentencing him to concurrent indeterminate terms of imprisonment of from 6 to 18 years and 2⅓ to 7 years, respectively, unanimously modified, on the law, to vacate the conviction of robbery in the first degree and to dismiss the underlying charge, to reduce the conviction of assault in the second degree to assault in the third degree, and the matter remanded for resentencing on the conviction as reduced and, except as thus modified, affirmed.

The result here is mandated by our prior determinations in *People v De Jesus* (123 AD2d 563) and *People v Morales* (130 AD2d 366), companion cases involving codefendants in this indictment who were jointly tried with defendant. That defendant's comments sparked the incident adds nothing to his degree of involvement insofar as the robbery is concerned. In that regard, the proof against defendant, De Jesus and Morales stands on an equal footing. As such, it is fatally flawed by an absence of proof of an intent to steal. Without such intent, as we found in both *De Jesus* and *Morales,* neither the robbery nor assault in the second degree conviction, which is based on an assault committed in the course of the robbery (Penal Law § 120.05 [6]), can stand. As previously indicated, however, sufficient proof to sustain a conviction of the lesser included offense of assault in the third degree is present and we modify accordingly. Concur—Sullivan, J. P., Carro, Kassal, Rosenberger and Wallach, JJ.