■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CUMMINGS, Appellant.—Judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered on November 25, 1987, convicting defendant, after a nonjury trial, of fifth degree criminal sale of a controlled substance and sentencing him to a prison term of 2 to 4 years, is unanimously affirmed.

Defendant was charged with one count of third degree criminal sale of a controlled substance arising out of a 1986 "buy-and-bust" operation on the Lower East Side. The case proceeded to a bench trial resulting in a guilty verdict of fifth degree criminal sale of a controlled substance, a lesser included offense.

Defendant's contention that he is entitled to a reversal and dismissal of the indictment because the court's acquittal of third degree criminal sale of a controlled substance and conviction on the lesser included offense of fifth degree criminal sale of a controlled substance rendered the verdict repugnant is not preserved for appellate review as a matter of law (People v Stahl, 53 1048, 1050; People v Barry, 100 AD2d 803, 804). Moreover, it is apparent that the trial court, in an exercise of mercy, convicted defendant of the lesser included offense, not repugnant when viewed in light of the proof adduced (see, People v Montgomery, 116 AD2d 669, 670; see also, People v Tucker, 55 NY2d 1, 6, rearg denied 55 NY2d 1039).

Defendant's other contention, that he was unfairly deprived

of an opportunity to address the lesser included offense because the court failed to inform counsel it was considering the lesser charge, is unavailing. Defendant failed to register a protest so as to preserve the matter for appellate review *(People v Ford,* 62 NY2d 275; *People v Udzinski,* 146 AD2d 245). Moreover, any error was, in the circumstances of this case, harmless *(see, People v Miller,* 70 NY2d 903, 907). Concur —Kupferman, J. P., Sullivan, Rosenberger, Asch and Smith, JJ.