Titone, J.
(dissenting). Although the Court concedes that defendant’s conviction for robbery cannot stand unless there was sufficient evidence presented at his trial from which the jury could rationally find that he threatened the complainant with the "conscious objective” of either compelling her to deliver up her property or preventing resistance to his taking or retention of that property, it nevertheless goes on to conclude that the People fully met their burden in this regard. My own review of the record, however, compels me to disagree. The proof adduced below was simply too equivocal to establish that defendant acted with the mental culpability necessary to commit robbery. Indeed, the contrary conclusion reached by the majority, in my view, virtually eviscerates that element of the crime.
Briefly stated, the evidence — when viewed in a light most favorable to the prosecution — indicates that defendant, after raping and sodomizing the complainant, informed her that he *316 planned to kill her because she could identify him. She immediately began to plead for her life, saying: "Take my purse, my money, take whatever, but please don’t kill me.” Defendant then emptied her purse and fled with her money. He was later apprehended, and ultimately convicted of, inter alia, rape, sodomy, and robbery, each in the first degree.*
In concluding that defendant’s robbery conviction should have been sustained, the Court reasons that the jury could have rationally inferred from the foregoing that defendant, at some point, threatened the complainant "with the conscious objective of compelling [her] to deliver up her property or preventing or overcoming resistance to the taking or retention of her property” (majority opn, at 315). I simply cannot agree. Although, as the majority notes, the prosecution was certainly free to prove defendant’s state of mind by circumstantial evidence, it nevertheless remained incumbent upon it to adduce sufficient proof — circumstantial or otherwise — from which the jury could find beyond a reasonable doubt that defendant did in fact possess the mental culpability necessary to commit robbery (see, People v Von Werne, 41 NY2d 584, 590). The People’s proof in this regard, however, was highly equivocal (see, People v Chessman, 75 AD2d 187, appeal dismissed 54 NY2d 1016; People v Lopez, 58 AD2d 516), and could, in my view, only have left the jury to speculate impermissibly as to whether defendant acted with the requisite mental state (see, People v Kennedy, 47 NY2d 196, 202). Accordingly, I must respectfully dissent.
Chief Judge Wachtler and Judges Hancock, Jr., and Bellacosa concur with Judge Kaye; Judge Titone dissents and votes to affirm in a separate opinion in which Judges Simons and Alexander concur.
Order reversed, etc.

 Defendant’s rape and sodomy convictions are not at issue on this appeal.