■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CARRERO, Appellant.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.), rendered August 7, 1990, convicting defendant, after a jury trial, of murder in the second degree and attempted robbery in the first degree, and sentencing him as a second felony offender, to concurrent terms of 15 years to life and 5 to 10 years, respectively, unanimously affirmed.

Based upon the evidence presented, and particularly in light of eyewitness observations and the placement of the wounds, the jury could readily conclude that defendant intended to rob the victim *(see, People v Bracey,* 41 NY2d 296, 299-300, 302; *see also, People v Rivera,* 159 AD2d 255, 256, *lv denied* 76 NY2d 795). Such intent is not necessarily precluded by the absence of proof of a threatening demand compelling one to deliver up property *(see, People v Smith,* 79 NY2d 309; *compare, People v Morales,* 130 AD2d 366). The People's unobjected-to opening and summation were not attempts to taint the trial with a prejudicial infusion of "class bias". Although aspersions against racial groups are offensive and not to be tolerated

*(People v Rivera,* 136 AD2d 520, 521, *affd* 73 NY2d 941), neither race nor ethnicity was a factor here. The prosecution argument referring to an elderly victim and his appearance of prosperity was, rather, both an articulation of motive and a rebuttal of the defense.

Finally, defendant's challenge to the court's charge on the conflicting inferences to be drawn from the evidence is unpreserved as a matter of law (CPL 470.05 [2]). In any event the court's single remark did not diminish the prosecution's burden of proof, which was adequately conveyed by the court's charge as a whole *(People v Vasquez,* 161 AD2d 540, 541). Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.