■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VASQUEZ, Appellant.—Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered January 30, 1991, convicting defendant, after a jury trial, of possession of burglar's tools, and sentencing him to probation for a period of 3 years, unanimously affirmed.

Defendant's contention that the verdict is repugnant since, in order to acquit him of the crimes of burglary in the third degree and grand larceny in the third degree, the jury had to find that he did not act in concert with his codefendant, is unpreserved for appellate review, no objection having been taken to the claimed infirmity in those verdicts prior to the discharge of the jury (People v Stahl, 53 NY2d 1048, 1050; People v Cummings, 159 AD2d 351, lv denied 76 NY2d 733). In any event, were we to review the repugnancy issue in the interest of justice, we would reject the claim on the merits.

"A verdict is repugnant where a jury with regard to identical underlying circumstances convicts a defendant of one offense while acquitting him or her of another offense whose elements are necessarily included in the offense for which he has been convicted." (People v Jones, 126 AD2d 401, 402, citing People v Tucker, 55 NY2d 1.) Here, although each count in the indictment charged defendant with acting in concert, the crimes themselves have differing elements, so that defendant's acquittal of burglary in the third degree and grand larceny in the third degree did not necessarily negate any of the elements of possession of burglar's tools (see, People v Goodfriend, 64 NY2d 695, 697; People v Tucker, supra, at 6-7, 9; People v Jones, supra, at 403-404).

Defendant also seeks a reversal because of the trial court's failure to respond to a jury note. Our review of the record indicates that the elapsed period of time between the submission of the note and the rendering of the verdicts was only 35 minutes, during which time the trial court was engaged in disposing of other calendar matters. Accordingly, "it cannot be said that there is a significant probability of any prejudice to defendant—let alone serious prejudice (see, People v Lourido [70 NY2d 428], at 435)—resulting from the court's failure to respond to [the note]." (People v Agosto, 73 NY2d 963, 967.) Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.