■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN JOHNSON, Appellant. [597 NYS2d 380] —Judgment, Supreme Court, New York County (John A.K. Bradley, J., on speedy trial motion; Angela Mazzarelli, J., at jury trial and sentence), rendered December 9, 1991, convicting defendant of robbery in the second degree, and sentencing him to an indeterminate term of imprisonment of 1½ to 4½ years, unanimously reversed, on the law and on the facts, and the indictment is dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant was charged with robbery arising out of an assault by a group of six youths on two other youths in a subway train. One of the victims, Hector Reyes, was provoked into a physical altercation with several of the assaulting youths, while defendant watched passively from a seat, holding a large radio in his lap. When the group thereafter began attacking Reyes' companion, Hector Torres, the defendant left

his seat and apparently joined the fracas, as Torres testified: "I just remember him [defendant] hitting me on two occasions, that's it."

As the train pulled into the next station, one or more of the assaulting youths other than the defendant grabbed Torres' book bag away from him, but Torres snatched it back moments later. Two police officers who had been traveling in an adjoining subway car, and had observed much of the incident, immediately arrested defendant and the five others who were involved in the attack. The five others pleaded guilty to charges of robbery or attempted robbery in the second degree, and each was sentenced to five years probation. Defendant refused to plead guilty, went to trial and testified, steadfastly protesting his innocence.

In our view the evidence was legally insufficient to establish the defendant's guilt of robbery in the second degree, as there was no evidence that when defendant struck Torres, he did so with intent to aid the others in committing a robbery, and it is well established that the use of force alone is not evidence of an intention to steal (People v Rivera, 184 AD2d 288, 291, appeal dismissed 81 NY2d 758). Moreover, our review of the trial testimony as a whole impels us to conclude that this is one of those rare instances where the verdict was also against the weight of the evidence. Accordingly the judgment of conviction should be reversed, and the indictment against the defendant dismissed. Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.