■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIO GOMEZ, Appellant. [599 NYS2d 561] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered November 7, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, the People's evidence clearly established defendant's guilt beyond a reasonable doubt *(People v Contes,* 60 NY2d 620, 621). The evidence against defendant was not incredible as a matter of law *(see, People v Garafolo,* 44 AD2d 86, 88).

Defendant failed to preserve his claim that the jury's verdict was repugnant because he failed to object to the alleged repugnancy prior to the discharge of the jury *(People v Vasquez,* 186 AD2d 445, *lv denied* 81 NY2d 795), and we decline to review it in the interest of justice. Were we to review, we would find the verdicts were not repugnant because defendant was charged with three separate offenses, relating to three distinct events, which were established by the testimony of entirely different witnesses *(see, People v Jones,* 126 AD2d 401, 402-403).

Defendant was not unfairly prejudiced by either the introduction of the undercover officer's testimony, which did not indicate either defendant's presence near or involvement in criminal activity, or the introduction of unmarked cash recovered from defendant. The cash was properly introduced because defendant was charged with multiple cocaine sales and possession with intent to sell *(People v Haynes,* 172 AD2d 242, *lv denied* 78 NY2d 967).

We have examined defendant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.