■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BENTON, Appellant. [601 NYS2d 918] —Judgment, Supreme Court, Bronx County (Bernard Jackson, J.), rendered March 9, 1989, convicting defendant, after jury trial, of criminal trespass in the first degree, and sentencing him as a second violent felony offender to a term of 2½ to 5 years, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to vacate the adjudication as a second violent felony offender and, instead, to adjudicate defendant a second felony offender, and otherwise affirmed.

Defendant's argument that the verdict is repugnant in convicting him of criminal trespass in the first degree while acquitting him of criminal possession of a weapon in the third degree is unpreserved for review as a matter of law, defendant having failed to object to the alleged repugnancy prior to the discharge of the jury *(People v Gomez,* 194 AD2d 490, and we decline to reach the issue. If we were to review the issue in the interest of justice, we would find no repugnancy.

Defendant's argument that he was improperly adjudicated a second violent felony offender is also unpreserved *(see, People*

*v Smith,* 73 NY2d 961), but we nevertheless review the issue in the interest of justice because of concededly erroneous assumptions by both sides concerning defendant's predicate crime of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1). As defendant concedes, a remand for resentencing is not necessary since the sentence already imposed is within the limits of a second nonviolent felony offense. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.