234

■ In the Matter of LAMAR McL., a Person Alleged to be a Juvenile Delinquent, Appellant. [797 NYS2d 462]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about April 19, 2004, which adjudicated appellant a juvenile delinquent, after a determination that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, attempted assault in the third degree, and menacing in the third degree, and placed him in the custody of the New York State Office of Children and Family Services for a period of up to 18 months, unanimously reversed, on the law, without costs, and the petition dismissed.

Appellant was 14 years old at the time of the incident. The prosecutor's theory as against appellant was solely one of accessorial liability for the affirmative acts of the other charged juvenile. However, the evidence against appellant, considered in the light most favorable to the presentment agency, was insufficient to justify an inference that he either intentionally aided the other juvenile in the commission of the acts or possessed the requisite mens rea to be held accountable for that other individual's acts. The testimony of the complainant fails to establish that either the physical assault upon the complainant, or the taking of the complainant's cellular telephone, occurred when appellant was present with the attacker or with his assistance. The testimony merely indicated that the other juvenile had grabbed the complainant around his neck from behind, and after the complainant broke free he saw appellant running towards him. Appellant never got closer than 15 feet to the complainant, and appellant ran away after the complainant yelled for the security guard at the nearby nursing home to call the police. That appellant ran toward complainant during or after the attack is insufficient to prove an intent to assist in the commission of any criminal act.

This evidence does not rise to the level of participation at which such accessorial liability has been upheld (*cf. Matter of Jamal G.*, 293 AD2d 379 [2002]; *Matter of Devin R.*, 254 AD2d

221 [1998]). Indeed, this Court has reversed convictions in which the defendant took a greater part in the charged crimes than appellant did here (see e.g. *People v Johnson,* 193 AD2d 495 [1993]); *People v Rivera,* 176 AD2d 510 [1991], *lv denied* 79 NY2d 863 [1992]; *People v Morales,* 130 AD2d 366 [1987]; *People v DeJesus,* 123 AD2d 563 [1986], *lv denied* 69 NY2d 745 [1987]). Unlike the defendants in those cases, appellant in this case did not take any action or make any threats against the complainant, or even speak to him; he merely approached him.

Furthermore, in view of the absence of evidence that he took part in or intentionally aided the attacker by seeking to intimidate the complainant or block his escape, the testimony that appellant ran away when complainant yelled "call the cops" does not prove his guilt beyond a reasonable doubt because "flight is but another form of equivocal circumstantial evidence" (*People v McLean,* 107 AD2d 167, 169-170 [1985], *affd* 65 NY2d 758 [1985]).

In the absence of any evidence permitting the inference that appellant intentionally aided the other juvenile in the commission of the acts or possessed the requisite mens rea to be held accountable for those acts, we must dismiss the petition. Concur—Saxe, J.P., Sullivan, Nardelli and Williams, JJ.