Matter of Rongene D. (2006 NY Slip Op 51210(U))

[*1]

Matter of Rongene D.

2006 NY Slip Op 51210(U) [12 Misc 3d 1173(A)]

Decided on June 27, 2006

Family Court, Bronx County

Malave-Gonzalez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 27, 2006

Family Court, Bronx County
In the Matter of Rongene D. A Person Alleged to be a Juvenile Delinquent, Respondent.
XXXX/06

Nelida Malave-Gonzalez, J.
Respondent is charged with Robbery in the Second degree (P.L. § 160.10), Robbery in the Third Degree (P.L. § 160.05), Grand Larceny in the Fourth Degree (P.L. § 155.30(5)), Petit Larceny (P.L.§ 155.25), Criminal Possession of stolen Property in the Fifth Degree (P.L. § 165.40), Menacing in the Second Degree (P.L. § 120.15).
FINDINGS OF FACT At the fact-finding hearing, the presentment agency presented one witness, Jason Quero ("c/w"). C/w testified that on May 30, 2006 at approximately 11:30am he was on the way to his friend's house at Mickle Avenue and Allerton Ave. in the county of the Bronx. Respondent Rongene D., ("R.") and his friends followed him from approximately two blocks away. The group then surrounded him (Tr. pg. 5, ln. 18.) One individual stood in front of him, R stood 3 steps away from that individual while the other members of the group stood behind him on his left side and right side. (Tr. pg 5 - pg. 6). One of the individuals then asked "what you got?" (Tr. pg. 6, ln. 21). This same individual said "the head set, where it leads to?" (Tr. Pg. 7, ln. 2). This same individual then pulled the head set up causing the phone to come out of the case and grabbed the phone from the c/w. (Tr. pg. 7, ln. 12-23). C/w then tried to get away but was stopped by this same individual. R then said "just give up the phone before we jab you." (Tr. pg. 9, ln. 11-12). The individual who had previously grabbed at the phone then said "true, I am going to punch you. (Tr. pg. 10, ln. 5-6). C/w then let go of the phone. The individual took the phone and walked away with the R. C/w states that this incident had him in fear of getting hurt.
[*2] On cross examination c/w testified that he first noticed the R and his group approximately two blocks before the incident and the group sped up to him. They had not stopped when one of the individuals in the group inquired about the headset. (Tr. Pg 14, ln. 9-14). C/w was impeached with his prior testimony at the probable cause hearing, his testimony at trial and his sworn statement in the petition. (Tr. pg. 19 -22).
 R. testified that on May 3, 2006 at approximately 11:30am he was with his friends Justin Simon and Andrew Washington. When they were in the area of Allerton Avenue and Mace Avenue he saw the complainant approximately half a block away. (Tr. pg. 4, ln. 17). Justin said he was going to "catch a Jux" which meant he was going to rob a kid. (Tr. pg. 4, ln. 23 - pg. 5, ln. 3). R testified that he told Justin he didn't want anything to do with it because he already had an open case. (Tr. pg. 5, ln. 13-19). R. testified that Justin split from the group and ran up to the c/w and stopped him. (Tr. pg. 6). As the c/w walked away from Justin, Justin ran up to c/w and stopped him again. R. testified that he was approximately twenty feet away when Justin stopped the c/w the first time. (Tr. pg. 8, ln. 2) and approximately two feet away when Justin stopped the c/w the second time. (Tr. pg. 8, ln. 20). R testified that it was Andrew who said if "you don't give him the phone he's going to jap you." (Tr. pg. 10, ln. 5-7). CONCLUSIONS OF LAW
 A person is guilty of Robbery in the Second Degree when "he forcibly steals property and when: he is aided by another actually present. P.L. § 160.10. A person forcibly steals property when he . . .in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property to the retention thereof immediately after the taking; or (2) compelling the owner of such property of another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny. P.L. § 160.00. Criminal Liability for the conduct of another colloquially referred to as "acting-in concert" is defined as "when a person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct. (P.L. § 20.00). Acting in Concert requires some sort of active participation in the crime. Mere presence at the scene of a crime does not constitute participation in said crime. See In re Lamar McL., 19 AD3d 234 (1st Dept. 2005); In re Tyquan N., 25 AD3d 502 (1st Dept. 2006). In fact, presence has led to culpability where the defendant stood across the street and acted as the lookout during the robbery People v. Wright,189 AD2d 612(1st Dept. 1993).
 This Court find that the complaining witness testified credibly. The group of individuals which according to R.'s own testimony included R., Andrew Washington and Justin Simon approached the c/w. Justin Simon then threatened to jap, "punch", the c/w if he did not give up his phone. Although c/w resisted and even tried to walk away, the group persisted and stopped the c/w again. As a result of the actions of the group, c/w was compelled to turn over his phone and was placed the c/w in fear of his physical safety. The group did not have permission or authority to take the c/w's phone. The respondent asserts that he was merely present at the [*3]scene of this crime and did not actively participate in the taking of the phone. However, this Court credits the testimony of the complaining witness. R. actively participated in the robbery. He stated "just give up the phone before we jab you". Although R.'s attorney attempted to impeach the c/w as to what R actually said the message sent by either statement would reasonably convey that R. was an active participant in the robbery and not just merely present. This Court also rejects R.'s assertion that he stayed in the area and that is consistent with his non-involvement. However, this Court agrees with the Appellate Court as intimated in Matter of Emerson D., 189 AD2d 712 (1st Dept. 1993). The fact that the R. remained in the area where the robbery was committed is not indicative of his innocence.
CONCLUSION
Based on the foregoing, this Court finds that the presentment agency has met it's burden of proof beyond a reasonable doubt as to Robbery in the Second Degree , Robbery in the Third Degree, Grand Larceny in the Fourth Degree, Petit Larceny, Criminal Possession of Stolen Property in the Fifth Degree and Menacing in the Third Degree
This constitutes the decision of the court.
Dated: June 27, 2006 ENTER
 _______________________________
 Hon. Nelida Malave-Gonzalez, J.F.C.