River Tower Owner LLC v Hochberg (2024 NY Slip Op 50277(U))

[*1]

River Tower Owner LLC v Hochberg

2024 NY Slip Op 50277(U)

Decided on March 18, 2024

Civil Court Of The City Of New York, New York County

Stoller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 18, 2024
Civil Court of the City of New York, New York County

River Tower Owner LLC, Petitioner,

against
Marisa J. Hochberg, Respondent.

Index No. 54481/2020

For Petitioner: Belkin Burden Goldman by Scott Loffredo
For Respondent: Joshua Price

Jack Stoller, J.

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:
Pages numbered
Order to Show Cause and Supplemental Affidavit and Affirmation Annexed 1, 2, 3
Affidavit In Opposition 4
Upon the foregoing papers, the Decision and Order on this motion are as follows:
In this holdover proceeding, the Court previously awarded Petitioner a final judgment against Respondent. Respondent now moves for a stay pursuant to CPLR §5519(a)(6).
Petitioner based this proceeding on a termination of an unregulated tenancy. Respondent, who appeared by counsel, interposed an answer with a general denial. Respondent then made an oral application on the last day of trial to amend her answer to include a retaliatory eviction defense, which the Court denied, in part because the motion was untimely and in part because Respondent did not have a proposed amended answer. The Court found that Petitioner proved its prima facie case and awarded Petitioner a judgment by an order dated February 8, 2023. Respondent annexes to her current motion a notice of appeal dated February 9, 2023.
Respondent subsequently moved for stays pursuant to RPAPL §753(1), which the Court granted to the extent of staying execution of the warrant through February 8, 2024, one year to the day after the Court's decision awarding Petitioner a final judgment. Respondent's motion for a stay pending appeal was filed by order to show cause on February 14, 2024, after the expiration of the previous stay.
To the extent that the stay Respondent moves for is automatic so long as Respondent posts an undertaking set by the Court, CPLR §5519(a)(6), it is only automatic if the stay being is [*2]actually a stay pending appeal. Respondent's notice of appeal is more than one year old. Appeals from Civil Court to the Appellate Term, First Department require the procurement of a clerk's return within thirty days after the filing of the notice of appeal. 22 N.Y.C.R.R. §640.6(a)(1). While the Appellate Term can grant motions to enlarge the time to perfect, Respondent made no representation as to what she has done to perfect the appeal. Respondent does not show that she has procured a transcript or otherwise used her year of stays to assemble a record on appeal and a brief. Respondent's silence on the status of a perfection of the appeal more than one year out therefore fails to show the current motion actually seeks a bona fide stay pending appeal.
"Although the right of appeal is not to be frustrated by a court's resort to expedients, neither should a court be pressed to take such measures by abusive litigation tactics . . . . [L]itigants should be on notice that though their appeals . . . will not be screened, stays pending appeal . . . where the stay is automatic [will not be] continued, in cases where the appeal is . . . taken primarily for the purpose of delay." Herbert v. New York, 126 AD2d 404, 406-407 (1st Dept. 1987). In the absence of any indication that Respondent has been perfecting her year-old appeal, the record on this motion practice does not reveal any purpose for this motion other than delay. Accordingly, it is ordered that the Court denies the motion and vacates all stays. The warrant may be executed after a re-mailing of a marshal's notice.
This constitutes the decision and order of this Court.
Dated: March 18, 2024
New York, New York
HON. JACK STOLLER, J.H.C.