■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS REYES, Also Known as J. D. RAY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered January 2, 1979, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. According to the People's proof at trial, defendant stood by as the bodyguard of the seller, in the seller's apartment, during the transaction which is the predicate for the crime underlying defendant's conviction. In order that the finding of guilt may be sustained, it must appear that the jurors could properly

draw an inference from the evidence presented that the defendant acted with the mental culpability necessary to commit the crime charged and that in furtherance thereof he solicited, requested, commanded, importuned or intentionally aided the seller to commit such crime (see Penal Law, § 20.00). No such inference may be fairly drawn. The few words uttered by defendant during the commission of the crime were those of a bystander and not of an interested party. They clearly did not evidence his intent to commit the crime. Absent those several utterances, all that remains is the defendant's armed presence in the seller's apartment. Though defendant may have been in violation of some other section of the Penal Law by reason of his possession of weapons, the inference that he was also violating the provision prohibiting sales of controlled substances is not supported by the evidence. Mere presence at the scene of a crime with knowledge of its perpetration does not render the observer accessorially liable therefor (see *People v La Belle,* 18 NY2d 405, 412). Accordingly, the judgment of conviction must be reversed and the indictment dismissed. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.