■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered June 7, 1979, convicting him of sodomy in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. This case is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The defendant was indicted and tried for rape in the first degree, sodomy in the first degree and unlawful imprisonment in the second degree. Under each charge the defendant allegedly was aided by an unnamed person. The primary witness for the People was the complainant. She testified that she had met a girlfriend Mona at a local bar. The girlfriend asked the complainant to accompany her to a store whereupon they fortuitously met the defendant. They entered the defendant's car and instead of going to the store, proceeded to a motel whereupon the complainant was forced out of the car and taken to a motel room. The complainant was then allegedly forced to have sexual intercourse with the defendant and was subsequently sodomized by the female. According to the defendant, Mona approached him and offered the complainant's services for a fee. The defendant agreed and the three went to the motel. Following the defendant's arrest, he told an investigating officer that after he and the complainant had engaged in sexual intercourse, Mona had forced herself on the complainant. The jury acquitted the defendant of the rape charge but found him guilty of the sodomy and unlawful restraint charges. As the defendant admitted to having intercourse, the only question was whether it was the product of force rather than a consensual act. The verdict of acquittal on the rape charge ineluctably leads one to conclude that the jury found the initial act of sexual intercourse was consensual. To sustain the verdict of guilt as to sodomy in the first degree and unlawful imprisonment in the second degree the jury had to find that the defendant, by virtue of his actions, intentionally restrained the complainant and forced her to engage in deviate sexual intercourse. There is nothing in the complainant's testimony to support the conclusion that after having intercourse the defendant restrained her or aided in the commission of sodomy. At most, the defendant was present in the room when the act was committed and did not prevent its occurrence. Viewing the evidence in a light most favorable to the People, there is no basis from which it may be concluded that the defendant aided or participated in the criminal activity of which he was convicted (*People v White*, 26 NY2d 276, 278; *People v La Belle*, 18 NY2d 405, 412; *People v Byron J.*, 64 AD2d 639, 640). The verdict must therefore be set aside and the indictment dismissed. Titone, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.