■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KARCHEF-SKI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered October 20, 1978, convicting him of two counts of criminal sale of a controlled substance in the sixth degree, upon a jury verdict, and imposing sentence. ¶ Judgment modified, on the law, by reversing defendant's conviction under count one of the indictment, the sentence imposed thereon is vacated and said count is dismissed. As so modified, judgment affirmed. ¶ On the evening of March 4, 1977, an undercover officer was patrolling the area of Forest Park, Queens County, in an unmarked police car when he observed defendant with a second male, later identified as Douglas Bolante, standing in the parking lot of the park. The officer rolled down his car window and asked the two males, "Anything for the head?" Bolante replied, "Yes. Dust, smoke or mescaline, you name it". Bolante then instructed the officer to pull his car over to the curb. In response to the officer's inquiry concerning the price of the drugs, Bolante explained, "[t]he dust is ten dollars and the mescaline is three dollars". The officer asked for one of each. At that point, Bolante got into the front seat of the officer's car and defendant got into the back seat. ¶ Once in the vehicle, Bolante reached into his pocket and took out a pill indicating that it was mescaline. He placed the pill in a small manila envelope and handed it to the officer. According to the officer's testimony, Bolante then turned to defendant and said, "[g]ive me the dust". The officer observed defendant take a clear cellophane bag containing vegetable matter out of his pocket and give it to Bolante. Bolante emptied some of the contents of the cellophane bag into a second manila envelope and handed it to the officer. The officer then gave Bolante a $20 bill and Bolante, in turn, gave him $7 in change. The officer acknowledged at trial that during the entire incident, defendant remained silent. ¶ When Bolante and defendant exited the car, the officer signaled his back-up unit and the two men were subsequently placed under arrest. ¶ Upon a search of the two men, the officers found a $20 bill and vegetable matter on Bolante. No contraband or money was discovered upon a search of defendant. ¶ Following a chemical analysis, it was determined that the pill which the officer received from Bolante was LSD and the vegetable matter was P.C.P. Defendant and Bolante were later jointly indicted for two counts of criminal sale of a controlled substance in the sixth degree. Bolante pleaded guilty to both counts. ¶ At trial, both Bolante and defendant testified that defendant was not in possession of either the LSD or the P.C.P. on the night in question. According to their testimony, Bolante possessed and sold both drugs to the officer while defendant remained seated in the back of the vehicle. Defendant explained that he got into the officer's vehicle because

it was raining heavily outside. Following a jury trial, defendant was convicted on both counts of criminal sale of a controlled substance in the sixth degree. ¶ In order to sustain a conviction for the criminal sale of a controlled substance based upon accessorial liability, the evidence presented must prove beyond a reasonable doubt that the defendant acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the seller to commit such crime (see Penal Law, § 20.00; *People v Reyes,* 82 AD2d 925; *People v Johnson,* 90 AD2d 777). "Mere presence at the scene of a crime with knowledge of its perpetration does not render the observer accessorially liable therefor (see *People v Labelle,* 18 NY2d 405, 412)" (*People v Reyes, supra,* p 926). ¶ In this case, there is no evidence to support the conclusion that defendant aided or participated in the sale of the LSD. At most, defendant was present during the transaction between Bolante and the officer and he had knowledge of the sale. Absent further evidence to indicate that defendant actually took some action in furtherance of the LSD sale, his conviction on this count must be set aside and said count of the indictment dismissed. ¶ With respect to the second count of the indictment regarding the sale of P.C.P., however, we find sufficient evidence in the record to conclude that defendant's guilty was proven beyond a reasonable doubt. Defendant's argument on this point involves a question of credibility which the jury necessarily resolved against him. On the basis of this record, we see no reason to disturb the jury's determination. ¶ Defendant argues that the trial court's "interested witness" charge constituted reversible error. We disagree. While the trial court did appear to have mistakenly referred to Bolante as an interested witness, this error was harmless since the court clearly instructed that the issue of whether a witness was interested was for the jury to determine. The court also adequately explained the factors which the jury should consider in making such a determination. ¶ We have reviewed defendant's other contentions and find them to be without merit. Bracken, J. P., Niehoff, Rubin and Eiber, JJ., concur.