■ In the Matter of JOHN G., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Corrado, J.), dated September 18, 1984, which, upon a fact-finding order dated June 29, 1984, made after a hearing, that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the second degree, placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated June 29, 1984.

Order of disposition reversed, on the law and the facts, without costs or disbursements, fact-finding order vacated, and petition dismissed.

To sustain a conviction for robbery in the second degree based upon accessorial liability, the evidence, when viewed in a light most favorable to the prosecution, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime (see, Penal Law § 20.00; People v Karchefski, 102 AD2d 856; People v Reyes, 82 AD2d 925). Mere presence at the scene of the crime is insufficient to establish the guilt of the observer as an accessory to the crime (People v La Belle, 18 NY2d 405, 412; People v McLean, 107 AD2d 167, 169, affd 65 NY2d 758; People v Karchefski, supra). We find insufficient evidence in the record to conclude that the appellant's intent to commit the crime of robbery in the second degree was proven beyond a reasonable doubt. At most, the appellant's presence at the commission of the robbery was established. There is no basis, however, to find that the appellant aided or participated in the robbery of which he was convicted (see, People v Reyes, 110 AD2d 663). Accordingly, the order of disposition must be reversed, the fact-finding determination vacated, and the petition dismissed. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.