■ In the Matter of PETER J., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), dated January 17, 1990, which, upon a fact-finding order of the same court, dated September 28, 1989, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the second degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of one year. The appeal brings up for review the fact-finding order dated September 28, 1989.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

The evidence adduced at the fact-finding hearing established that Paul F. was one of a group of eight youths who assaulted the complainant. Paul F. stole the complainant's Walkman personal stereo and then announced to his fleeing accomplices, including the appellant, that the complainant wanted to fight. The group, which stopped running, responded to this challenge by attacking the complainant, punching, and kicking him to the ground. While the complainant was on the ground, an unidentified assailant removed $50 from the complainant's pocket. The complainant could only identify the appellant as someone who had kicked him during the attack. Thereafter, Paul F. and the appellant chased the complainant to his home. Based upon the foregoing evidence, the Family Court found that the appellant committed an act which, if committed by an adult, would have constituted the crime of robbery in the second degree (Penal Law § 160.10 [1]).

Undeniably the evidence established beyond a reasonable doubt that the appellant assaulted the complainant. However

"[t]o sustain a conviction for robbery in the second degree based upon accessorial liability, the evidence, when viewed in a light most favorable to the prosecution, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime (see, Penal Law § 20.00; People v Karchefski, 102 AD2d 856; People v Reyes, 82 AD2d 925). Mere presence at the scene of the crime is insufficient to establish the guilt of the observer as an accessory to the crime (People v La Belle, 18 NY2d 405, 412; People v McLean, 107 AD2d 167, 169, affd 65 NY2d 758; People v Karchefski, supra)" (Matter of John G., 118 AD2d 646).

There was no evidence that the appellant was even aware that the thefts had taken place (see, People v Morales, 130 AD2d 366; People v De Jesus, 123 AD2d 563). Thus, one cannot infer that the appellant intended to rob the complainant or that he shared the larcenous intent of Paul F. and the unidentified youth who removed the $50 from the complainant's pocket (see, People v Torres, 153 AD2d 911). Rather, the credible evidence established only that the appellant responded to Paul F.'s announcement that the complainant wanted to fight. Under these circumstances the presentment agency failed to prove beyond a reasonable doubt that the appellant acted with the requisite mental culpability to commit the crime charged (see, People v Reyes, 110 AD2d 663).

We have reviewed the appellant's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.