■ In the Matter of AIDA S., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Friedman, J.) dated June 4, 1991, which, upon a fact-

finding order of the same court, dated April 10, 1991, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, adjudged her to be a juvenile delinquent and placed her on probation under the supervision of the Probation Department of the County of Queens for a period of 18 months. The appeal brings up for review the fact-finding order dated April 10, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

There is no merit to the appellant's contention that the evidence adduced at the fact-finding hearing was legally insufficient to support her adjudication as a juvenile delinquent. The evidence established that the appellant, while acting in concert with three other individuals, one of whom displayed a knife, stole items of jewelry from two teenaged victims. In order to sustain the finding that the appellant was guilty as an accomplice, the evidence, when viewed in a light most favorable to the presentment agency, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the act charged and that, in furtherance thereof, she solicited, requested, commanded, importuned, or intentionally aided the principal to commit the act (see, Penal Law § 20.00; *Matter of John G.,* 118 AD2d 646; *People v Karchefski,* 102 AD2d 856; *People v Reyes,* 82 AD2d 925). In this case, the appellant's concerted action with her accomplices in approaching the complainants on three occasions, her participation in surrounding the complainants at a very close distance, her flight with her accomplices following the completion of the robbery, her arrest, still in the company of her accomplices approximately 20 minutes after the crime at a location several blocks away, and the discovery of a concealed kitchen knife on her person upon her arrest, all combined to establish that she knowingly participated in an act which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, although she said nothing during the actual incident (see, *Matter of Juan J.,* 81 NY2d 739; *Matter of Wade F.,* 49 NY2d 730). Similarly the appellant's possession of a concealed knife during the course of a robbery gives rise to a reasonable inference that she possessed the knife with the intent to use it

unlawfully against another, sufficient to establish that she committed an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]; *People v Bracey,* 41 NY2d 296, 302). Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence *(see,* CPL 470.15 [2]).

We have considered the appellant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.