■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMERY WEST, Also Known as LAMONT WEST, Appellant. [599 NYS2d 850] —Appeal by the defendant (1) from a judgment of the County Court, Nassau County (Wexner, J.), rendered September 27, 1991, convicting him of robbery in the second degree (two counts) under Indictment No. 74490, upon a jury verdict, and sentencing him to two concurrent indeterminate terms of 3 to 9 years imprisonment, (2) as limited by his brief, from a sentence of the same court, also imposed September 27,

1991, under Indictment No. 78667, the sentence being concurrent indeterminate terms of 3 to 9 years imprisonment, and 1⅓ to 4 years imprisonment, upon his conviction of attempted criminal possession of a controlled substance in the third degree and attempted criminal possession of a weapon in the third degree, after a plea of guilty, (3) as limited by his brief, from a sentence of the same court, also imposed September 27, 1991, under Indictment No. 75804, the sentence being an indeterminate term of 3 to 9 years imprisonment, upon his conviction of criminal sale of a controlled substance in the fourth degree, after a plea of guilty, and (4) as limited by his brief, from an amended sentence of the same court, also imposed September 27, 1991, under S.C.I. No. 73099, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a definite term of one year imprisonment, upon a prior youthful offender adjudication.

Ordered that the judgment under Indictment No. 74490 is reversed, on the law, that indictment is dismissed, and the matter is remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,

Ordered that the sentences and the amended sentence are affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally insufficient to establish the defendant's guilt under Indictment No. 74490, beyond a reasonable doubt. "To sustain a conviction for robbery in the second degree based upon accessorial liability, the evidence, when viewed in a light most favorable to the prosecution, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime (see, Penal Law § 20.00; People v Karchefski, 102 AD2d 856; People v Reyes, 82 AD2d 925)" (Matter of John G., 118 AD2d 646).

The evidence established that the defendant and a group of approximately six other individuals, approached the complainant from behind and yelled, "Yo!" The complainant ignored the group but the defendant ran in front of the complainant and yelled, "Yo!" When the complainant did not respond, the defendant hit him in the face. The complainant swung back

and soon the entire crowd joined the scuffle. After the group kicked the complainant, several of the assailants went through the victim's pockets, and removed approximately $70. The victim admitted that he could not identify the particular assailants who removed the money from his pockets. After a few minutes, someone across the street yelled "Let him go", and the entire group scattered.

There was no evidence that the defendant participated in the robbery or even observed that the theft had taken place. Thus, "one cannot infer that the appellant intended to rob the complainant or that he shared the larcenous intent" of his cohorts (Matter of Peter J., 184 AD2d 511, 512). Under such circumstances, the People failed to prove beyond a reasonable doubt that the defendant acted with the mental culpability to commit the crimes charged (see, Matter of Peter J., supra).

The remaining judgments and the amended judgment need not be reversed pursuant to People v Clark (45 NY2d 432) and People v Fuggazzatto (62 NY2d 862), since the defendant, in his appellate brief, expressly states that "[h]e does not want this court to vacate his plea bargains". His contentions with respect to the sentences are without merit. Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.