■ In the Matter of ANDRE L., a Person Alleged to be a Juvenile Delinquent, Appellant. [615 NYS2d 436] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Schechter, J.), dated October 8, 1992, which, upon a fact-finding order of the same court, dated September 3, 1992, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree, petit larceny, and criminal facilitation in the fourth degree, adjudged him to be a juvenile delinquent, and conditionally discharged him for one year. The appeal brings up for review the fact-finding order dated September 23, 1992.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. We further find that appellant's contention that he was only an observer of the crime and did not take any action to aid the person who stole the bicycle is unpersuasive. While it is true that mere presence at the scene of the crime is insufficient to establish guilt (see, Matter of John G., 118 AD2d 646), the evidence elicited at the fact-finding hearing demonstrated that the appellant did more than just observe. The evidence disclosed that the appellant and his friends were positioned in such a way as to confine the complainant between the perpetrators and a car and telephone pole. This effectively blocked the complainant's escape. Moreover, the appellant admittedly knew the intention of his friend to steal the bicycle. These actions were sufficient to establish the appellant's in-concert liability (see, Matter of Wade F., 49 NY2d 730). Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.