■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v O'NEILL SHARPE and COURTNEY SHARPE, Appellants. [635 NYS2d 538] —Appeal by the defendants from two judgments (one as to each defendant) of the Supreme Court, Queens County (Finnegan, J.), both rendered August 9, 1993, convicting the defendant Courtney Sharpe of robbery in the first degree (two counts) and assault in the second degree (three counts), and convicting the defendant O'Neill Sharpe of assault in the second degree, after a joint nonjury trial, and imposing sentences.

Ordered that the judgment rendered against Courtney Sharpe is modified, on the law, by reversing the convictions for robbery in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment rendered against Courtney Sharpe is affirmed; and it is further,

Ordered that the judgment rendered against O'Neill Sharpe is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), it was not legally sufficient to establish Courtney Sharpe's intent to rob the complainant at the time of the assault (see, People v Lopez, 58 AD2d 516; see also, People v West, 195 AD2d 490; Matter of Peter J., 184 AD2d 511).

The defendants' contention that they were improperly denied a *Wade/Rodriguez* hearing was waived when they failed to raise the issue by making a pretrial motion requesting such a hearing *(see,* CPL 710.40; 710.70; *People v Rodriguez,* 79 NY2d 445, 452-453; *People v Bertolo,* 65 NY2d 111, 121). Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.