■ In the Matter of MELINDA C., a Person Alleged to be a Juvenile Delinquent, Appellant. [659 NYS2d 69] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a decision of the Family Court, Queens County (Fitzmaurice, J.), dated November 20, 1995, which, after a fact-finding hearing, found that the appellant had committed acts which, if committed by an adult, would constitute the crimes of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in the fifth degree, and criminal facilitation in the fourth degree, and (2) an order of the same court, dated December 19, 1995, which adjudicated her to be a juvenile delinquent and placed her in the custody of the State Division of Youth for a period of 18 months. The appeal brings up for review the denial, without a hearing, of those branches of the appellant's motion which were to suppress physical evidence and identification testimony.

Ordered that the appeal from the decision dated November 20, 1995, is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the order of disposition dated December 19, 1995, is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the court did not err in denying those branches of the appellant's motion which were to suppress physical evidence and identification testimony without conducting a hearing. The claim that the arresting officer had an inadequate description of her is insufficient to establish that a hearing was required to determine the propriety of her arrest (*see, People v Berdecia*, 223 AD2d 444). Nor was she entitled to a hearing to challenge the undercover officer's drive-by identification, which was made within minutes of her arrest (*cf., People v Wharton*, 74 NY2d 921; *People v Grullon*, 177 AD2d 398; *People v Stanton*, 108 AD2d 688, 689).

Viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes*, 60 NY2d 620; *Matter of Andre L.*, 207 AD2d 348), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. While "mere presence at the scene of the crime is insufficient to establish guilt" (*Matter of Andre L., supra*, at 348), a court is not required to suspend its judgment and assume that the appellant was innocently standing with two other individuals who were selling drugs when she requested that the undercover officer give her the money (*cf., People v Hill*, 198 AD2d 100, 101). Moreover, the appellant was not denied a fair hearing, as the agency established that the heroin purchased during the transaction was the heroin entered into evidence.

The appellant's remaining contentions are without merit. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.