■ In the Matter of ADRIAN V., a Person Alleged to be a Juvenile Delinquent, Appellant. [661 NYS2d 277] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3,

the appeal is from an order of disposition of the Family Court, Queens County (Elkins, J.), dated June 11, 1996, which, upon a fact-finding order of the same court dated April 19, 1996, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted robbery in the first degree, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated April 19, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In order to hold an individual liable for the conduct of another, the presentment agency must show that the individual acted with the mental culpability required to commit the crimes charged (*see,* Penal Law § 20.00; *Matter of Joseph J.,* 205 AD2d 777, 778). The presentment agency's evidence established that the appellant, together with another individual, approached the victim, that the appellant stood behind the victim blocking his escape while the other individual pointed a knife at the victim's stomach and demanded money, and that a concealed knife was recovered from the appellant's person upon his arrest shortly after the commission of the crime. We find this evidence legally sufficient to establish that the appellant shared the intent to commit the act which, if committed by an adult, would constitute the crime of attempted robbery in the first degree (*see,* Penal Law §§ 110.00, 160.15 [3]; *Matter of Joseph J., supra; Matter of Daniel F.,* 200 AD2d 571; *Matter of Aida S.,* 189 AD2d 818).

Viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the appellant's adjudication as a juvenile delinquent. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*cf.,* CPL 470.15 [2]). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.