■ In the Matter of BIANCA W., a Person Alleged to be a Juvenile Delinquent, Appellant. [700 NYS2d 497] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated November 12, 1998, which, upon a fact-finding order of the same court dated October 9, 1998, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, attempted robbery in the second degree, robbery in the third degree, attempted robbery in the third degree, grand larceny in the fourth degree, attempted grand larceny in the fourth degree, criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree, petit larceny, attempted petit larceny, attempted assault in the third degree, and menacing in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for 12 months. The appeal brings up for review the fact-finding order dated October 9, 1998.

Ordered that the order of disposition is modified, on the law, by vacating the provisions thereof which adjudicated the appellant a juvenile delinquent based upon the finding that she committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, attempted robbery in the second degree, robbery in the third degree, attempted robbery in the third degree, grand larceny in the fourth degree, attempted grand larceny in the fourth degree, criminal mischief in the fourth degree, criminal possession of stolen property in the fifth degree, petit larceny, and attempted petit larceny, and substituting therefor a provision dismissing counts one through ten of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The evidence adduced at the fact-finding hearing established that the appellant and her sister were involved in an altercation with the complainant, a neighborhood teenager with whom they were feuding. Although the appellant punched, kicked, and hit the complainant, "[t]o sustain a conviction for robbery in the second degree based upon accessorial liability, the evidence, when viewed in a light most favorable to the prosecution, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof [she] solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime" (*Matter of John G.,* 118 AD2d 646; *see also, People v West,* 195 AD2d 490, 491; *Matter of Peter J.,* 184 AD2d 511, 512).

There was no evidence that the appellant participated in the robbery or was even aware that it took place. Rather, the evidence merely establishes that the appellant kicked and punched the complainant during the scuffle. Based upon the foregoing evidence, it cannot be inferred that the appellant shared her sister's larcenous intent. Under these circumstances, the presentment agency failed to prove beyond a reasonable doubt that the appellant acted with the requisite mental culpability to commit any of the property-related crimes.

We are not remitting the matter to the Family Court for a new order of disposition since the period of probation imposed on the appellant has expired.

The appellant's remaining contentions are without merit. Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.