■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE VARGAS-ORTIZ, Appellant. [769 NYS2d 735]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered September 19, 2000, convicting him of criminal sale of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the second degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), after a jury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the Supreme Court properly denied that branch of his omnibus motion which was to suppress, inter alia, drugs found upon a search of a hotel room. It is well settled that issues of credibility are within the province of the hearing court, which had the opportunity to see and hear the witnesses, and its determination must be accorded great deference and should not be set aside unless clearly unsupported by the record (*see People v Prochilo,* 41 NY2d 759 [1977]; *People v Rivera,* 186 AD2d 692, 693 [1992]). Under the circumstances, we perceive no basis upon which to disturb the hearing court's determination.

Although the defendant was acquitted of other charges, the verdict of guilt was not against the weight of the evidence. Inasmuch as there are facts which differentiated the counts, this Court should not speculate or second-guess the verdict (*see People v Rayam,* 94 NY2d 557, 561, 563 [2000]; *People v Goodfriend,* 64 NY2d 695, 697 [1984]; *People v Riddick,* 307 AD2d 821 [2003]).

The defendant failed to preserve for appellate review his contention that his sentence constituted cruel and unusual

punishment, since he did not raise such claim before the sentencing court (*see People v Ingram,* 67 NY2d 897 [1986]; *People v Buffa,* 139 AD2d 751 [1988]). In any event, considering the gravity of the defendant's crimes, the harm such crimes causes society, and the sheer amounts of cocaine he sold on three separate occasions, the imposition of an aggregate term of imprisonment of 18 years to life cannot be deemed cruel and unusual punishment (*see People v Thompson,* 83 NY2d 477, 485 [1994]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.