■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GARRETT, Appellant. [780 NYS2d 605]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered June 13, 2000, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pitts, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The evidence at the suppression hearing established that there was probable cause for the defendant's arrest (*see People v Bigelow,* 66 NY2d 417 [1985]; *People v McRay,* 51 NY2d 594 [1980]). The evidence also established that after the defendant was arrested, he voluntarily made certain incriminating statements after being advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Williams,* 62 NY2d 285 [1984]; *People v Bebeck,* 258 AD2d 660 [1999]). Under these circumstances, the hearing court correctly refused to suppress those statements.

The People contend that, notwithstanding the defendant's motion to dismiss made at the close of the People's case, because the defendant did not move to dismiss after he presented evidence and witnesses on his behalf, his contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review. Contrary to the People's contention, the defendant's appellate challenge to the legal sufficiency of the evidence is preserved for review (*see People v Soto,* 8 AD3d 683 [2004] [decided herewith]). Viewing all of the evidence at trial in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 125.25 [2]; *People v Elliott,* 288 AD2d 907 [2001]; *People v De Jac,* 219 AD2d 102, 106 [1996]; *People v Robinson,* 205 AD2d 836 [1994]; *see also* Penal Law § 125.25 [3]; *People v Ward,* 192 AD2d 880 [1993]; *People v Haims,* 171 AD2d 878 [1991]; *People v Coleman,* 119 AD2d 585 [1986]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [2]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, are without merit. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.