In the Matter of JULISSA R., a Person Alleged to be a Juvenile Delinquent, Appellant. [817 NYS2d 116]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated March 1, 2005, which, upon a fact-finding order of the same court dated November 22, 2004, made after a hearing, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree, forcible touching (two counts), sexual abuse in the second degree, unlawful imprisonment in the second degree, criminal facilitation in the fourth degree, and assault in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated November 22, 2004.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

To sustain a determination based upon accessorial liability, the presentment agency must prove, beyond a reasonable doubt, that the accused acted with the mental culpability necessary to commit the crimes charged and that, in furtherance thereof, she solicited, requested, commanded, importuned, or intentionally aided the principal to commit such crimes (*see* Penal Law § 20.00; *Matter of Aida S.*, 189 AD2d 818 [1993]; *cf. Matter of Peter J.*, 184 AD2d 511 [1992]).

A reasonable inference can be drawn from the appellant's close proximity to the principal and the complainant, and the nature of the encounter, that the appellant was aware of the sexual attack taking place, and that the appellant's act of positioning herself in front of the door and then holding the complainant's arms by the wrists, was intended to aid the principal in prolonging the contact and preventing the complainant's escape (*see Matter of Erron M.*, 4 AD3d 303 [2004]; *Matter of Carlos L.*, 256 AD2d 132 [1998]; *Matter of Aida S., supra*). This uncontroverted evidence was legally sufficient to establish that the appellant shared the intent to commit the acts, which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree, forcible touching (two counts), sexual abuse in the second degree, unlawful imprisonment in the second degree, and assault in the third degree (*see* Penal Law §§ 130.65, 130.52, 130.60 [2]; *see also* Penal Law §§ 130.05, 120.00; *Matter of Bruce K.*, 306 AD2d 479, 480 [2003]; *Matter of Adrian V.*, 242 AD2d 385 [1997]). In addition, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed an act, which, if committed by an adult, would have constituted the crime of criminal facilitation in the fourth degree (*see* Penal Law § 115.00; *Matter of Joey R.*, 254 AD2d 103 [1998]; *Matter of Melinda C.*, 240 AD2d 571, 572 [1997]; *Matter of Andre L.*, 207 AD2d 348 [1994]).

Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's findings of fact were not against the weight of the credible evidence (*cf.* CPL 470.15 [2]). The minor inconsistencies in the complainant's testimony did not render it unbelievable (*see Matter of Kryzstof K.*, 283 AD2d 431 [2001]; *Matter of George Omar-Saiid C.*, 272 AD2d 399 [2000]).

Contrary to the appellant's contention, the Family Court properly chose not to direct an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3), but rather, to adjudge the appellant to be a juvenile delinquent (*see* Family Ct Act § 352.1).

The appellant was not entitled to an adjournment in contemplation of dismissal merely because this was her "first brush with the law, or in light of the other mitigating circumstances that she cites" (*Matter of Nikita P.*, 3 AD3d 499, 501 [2004] [internal quotation marks omitted]; *see Matter of Steven R.*, 230 AD2d 745 [1996]). The disposition was appropriate in light of, inter alia, the nature of the incident and the recommendations made in the probation report and mental health report (*see Matter of Rosario S.*, 18 AD3d 563, 564 [2005]; *Matter of Gerald W.*, 12 AD3d 522, 523 [2004]). Florio, J.P., Adams, Luciano and Fisher, JJ., concur.