■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MENDEZ, Appellant. [824 NYS2d 416]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered August 21, 2003, convicting him of robbery in the second degree (four counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted for assault and robbery arising out of an incident that occurred sometime before midnight on September 29, 2002 when two men were walking home in Queens County. In the course of the assault, the two men claimed that they were robbed of money in a total sum of $400, and one of them was stabbed in the back, arm, and face.

On appeal, the defendant challenges the legal sufficiency of the evidence of his intent to commit robbery in the second degree. Contrary to the People's contention, the defendant's challenge is preserved for appellate review because the defendant raised this issue with sufficient specificity in his motion, pursuant to CPL 290.10, for a trial order of dismissal at the close of the People's case, and did not thereafter waive his right to review by failing to renew the motion, since the witness he presented did not supply any additional evidence of guilt (*see People v Soto,* 8 AD3d 683, 684 [2004]; *see also People v Hines,* 97 NY2d 56, 62 [2001]; *People v Garrett,* 8 AD3d 676, 677 [2004]).

To sustain the convictions for robbery in the second degree based upon accessorial liability, "the evidence, when viewed in a light most favorable to the prosecution, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof [he] solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime" (*Matter of Bianca W.,* 267 AD2d 463, 464 [1999] [internal quotation marks omitted]; *see Matter of Peter J.,* 184 AD2d 511, 512 [1992]). The intent element of the criminal offense can "be inferred from [a] defendant's conduct and the surrounding circumstances" (*People v Bracey,* 41 NY2d 296, 301 [1977] [internal quotation marks omitted]).

When an individual defendant participates with others in an assault, during which a member of the group engages in conduct that openly conveys an intention to forcibly steal property, such as holding down the victim while his pockets are searched by others or by demanding valuables, it can be inferred from the defendant's conduct and the surrounding circumstances that the defendant possessed the intent to rob the victim (*see Matter of Juan J.,* 81 NY2d 739, 741 [1992]; *Matter of Louis C.,* 6 AD3d 430, 431 [2004]; *Matter of Daniel F.,* 200 AD2d 571 [1994]). However, when, during the course of a fight or an assault by a group, property is incidentally removed from the victim in a "surreptitious or hidden" manner by an unidentified individual, the evidence is insufficient to demonstrate that the defendant

acted with the intent required for a conviction of robbery in the second degree (*see Matter of Bianca W., supra* at 464; *People v West,* 195 AD2d 490, 492 [1993]; *Matter of Peter J., supra* at 512; *People v Morales,* 130 AD2d 366, 368 [1987]; *People v De Jesus,* 123 AD2d 563, 564).

Here, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]; *People v Rodriguez,* 293 AD2d 764 [2002]), the jury could have credited the victims' testimonies to the extent of determining that each victim had been forcibly and openly robbed in the same manner at the same time by members of the group that included the defendant, and could have inferred that the defendant intended to commit the robbery while acting in concert with others (*see People v McGee,* 204 AD2d 353, 354 [1994]; *see also People v Luke,* 279 AD2d 534, 535 [2001]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of the two counts of the assault in the second degree was not against the weight of the evidence (*see* CPL 470.15 [5]; *see People v Rayam,* 94 NY2d 557, 561, 563 [2000]; *People v Vargas-Ortiz,* 2 AD3d 886 [2003]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 86 [1982]). Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.