THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARIFF ALLEYNE, Appellant. [828 NYS2d 2]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J., at hearing; Arlene R. Silverman, J., at jury trial and sentence), rendered June 10, 2002, convicting defendant of five counts of robbery in the first degree, and sentencing him to concurrent terms of eight years, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. During the booking procedure, the officer asked defendant if he had any nicknames, a question included in the on-line

booking sheet. Defendant answered "Slim," which, as the officer had been aware, was the nickname by which the victims knew the former coworker whom they accused of robbing them.

Although defendant had not yet received *Miranda* warnings, his response was admissible under the routine booking or pedigree exception for questions reasonably related to police administrative concerns (*see Pennsylvania v Muniz*, 496 US 582, 601-602 [1990]; *People v Rodney*, 85 NY2d 289, 292-293 [1995]). Even assuming the officer knew or should have known that, since defendant's nickname was relevant to the question of identity, the question was reasonably likely to elicit an incriminating response (*see Rhode Island v Innis*, 446 US 291, 302 [1980]), "a question which falls within the scope of interrogation under *Rhode Island v Innis* does not for that reason fall outside the pedigree exception" (*People v Velazquez*, 33 AD3d 352, 353 [2006]). The evidence establishes that the officer was simply asking the questions set forth on the booking sheet, and that none of his questions was "designed to elicit incriminatory admissions" (*Pennsylvania v Muniz*, 496 US at 602 n 14), or "a disguised attempt at investigatory interrogation" (*People v Rodney*, 85 NY2d at 294). To carry defendant's argument to its logical conclusion, an officer who was aware that an arrestee's true name could link him to a crime could not even ask that elementary question during routine booking without first providing *Miranda* warnings. In any event, were we to find the statement to be inadmissible, we would find the error to be harmless in view of the overwhelming evidence of guilt. Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.