■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE AREVALO, Appellant. [862 NYS2d 586]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Sullivan, J.), rendered January 19, 2007, convicting him of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

We find no basis to disturb the hearing court's determination that the defendant knowingly, voluntarily, and intelligently waived his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]). "Intoxication alone is insufficient to render a statement involuntary. Only where it is demonstrated that defendant was intoxicated to a degree of mania or of being unable to understand the meaning of his statements is suppression warranted" (People v Benjamin, 17 AD3d 688, 689 [2005] [citations omitted]; see People v Schompert, 19 NY2d 300, 305 [1967]; People v Ginsberg, 36 AD3d 627 [2007]). In this case, the evidence failed to establish that the defendant was intoxicated to such a degree. Moreover, the evidence supported the hearing court's determination that the defendant recognized the immediate import of the Miranda warnings (see People v Williams, 62 NY2d 285, 290 [1984]; People v Hernandez, 46 AD3d 574 [2007]).

The defendant received effective assistance of counsel under both state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). The defendant failed to demonstrate that he was deprived of meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]) or that there were no strategic

or other legitimate explanations for counsel's alleged shortcomings (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Rose,* 307 AD2d 270 [2003]).

Contrary to the defendant's contention, the testimony of the People's witnesses was not incredible as a matter of law, and merely raised issues for resolution by the jury (*see People v Wilson,* 50 AD3d 711 [2008]; *People v Sedney,* 6 AD3d 632, 633 [2004]). Moreover, "the evidence, when viewed in a light most favorable to the prosecution, [proved] beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof [he or] [she] solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime" (*Matter of Bianca W.,* 267 AD2d 463, 464 [1999]; *see People v Mendez,* 34 AD3d 697 [2006]; *Matter of Peter J.,* 184 AD2d 511 [1992]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.