■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE CONSTAS, Appellant. [875 NYS2d 103]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered August 21, 2006, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the effective assistance of counsel due to counsel's failure to present an

insanity defense is without merit. The defendant, who was found competent to stand trial, was consistent in his refusal to present such a defense. Once a defendant is found competent to stand trial, he has every right, even over counsel's objection, to reject the use of an insanity defense (*see People v Pulecio*, 237 AD2d 633 [1997]). Viewing the record as a whole, the defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137 [1981]; *People v Arevalo*, 54 AD3d 380, 380-381 [2008]; *People v Adams*, 12 AD3d 523 [2004]). Defense counsel presented a reasonable defense, interposed appropriate objections, and effectively cross-examined witnesses (*see People v Smith*, 12 AD3d 707 [2004]; *People v Adams*, 12 AD3d 523 [2004]).

The defendant's contention that he was denied the right to be present during the trial and sentencing is without merit. The defendant was informed of the right to be present and the consequences of failing to appear for trial, namely, that the trial would proceed even if he failed to appear (*see People v Parker*, 57 NY2d 136, 139-141 [1982]; *People v Severino*, 44 AD3d 1077, 1078 [2007]). The defendant, after being given these warnings, refused to come to the courtroom for the trial or sentencing. Reasonable efforts were made to determine whether his refusal was voluntary. The court properly determined that the trial and sentencing should proceed in his absence (*see People v Ciccarello*, 276 AD2d 637 [2000]; *People v Dhan*, 271 AD2d 452 [2000]; *People v Ravenell*, 179 AD2d 788, 789 [1992]). Angiolillo, J.P., Leventhal, Belen and Chambers, JJ., concur.