■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON FARRELL, Appellant. [877 NYS2d 134]—Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Marrus, J.), rendered September 6, 2006, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, and as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant did not preserve for appellate review his contention that the People failed to present legally sufficient evidence that he shared the intent of his alleged accomplices to commit robbery in the second degree (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894 [2000]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). Nevertheless, reviewing that contention in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]), and viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence failed to support the defendant's conviction of attempted robbery in the second degree beyond a reasonable doubt. To sustain a conviction based upon accessorial liability, "the evidence, when viewed in a light most favorable to the prosecution, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime" (*Matter of John G.*, 118 AD2d 646 [1986]; *see* Penal Law § 20.00; *Matter of Bianca W.*, 267 AD2d 463, 464 [1999]; *Matter of Peter J.*, 184 AD2d 511, 512 [1992]). In this case, there was legally insufficient proof from which the jury could have determined beyond a reasonable doubt that the defendant shared the intent to commit robbery, or that he solicited, requested, commanded, importuned, or intentionally aided the principals in committing the offense of attempted robbery in the second degree (*see Matter of Tyrone P.*, 42 AD3d 170, 175-176 [2007]; *Matter of Derrick McM.*, 23 AD3d 474, 475 [2005]; *Matter of Lamar McL.*, 19 AD3d 234, 234-235 [2005]; *Matter of Bianca W.*, 267 AD2d 463, 464 [1999]; *Matter of Peter J.*, 184 AD2d 511, 512 [1992]). Furthermore, even if the evidence presented at trial had been legally sufficient to establish accessorial liability for attempted robbery in the second degree, we would nevertheless agree with the defendant, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), that the verdict of guilt in this case was against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]).

In view of the foregoing, we do not reach the defendant's remaining contentions. Mastro, J.P., Rivera, Dickerson and Leventhal, JJ., concur.