■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE M. HIRAETA, Appellant. [986 NYS2d 217]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered May 6, 2010, convicting him of gang assault in the first degree, assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the convictions of robbery in the first degree and robbery in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The hearing court erred in denying suppression of the defendant's statement to a detective regarding his gang affiliation, which was probative of his identity as one of the victim's attackers. The statement was obtained in response to questioning while the defendant was in custody, but before he was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). Contrary to the hearing court's determination, the information contained in the statement did not constitute pedigree information under the circumstances of this case (*see People v Rodney*, 85 NY2d 289, 292-294 [1995]; *cf. Rosa v McCray*, 396 F3d 210, 222 [2d Cir 2005]; *People v Flowers*, 59 AD3d 1141, 1143 [2009]; *People v Acevedo*, 258 AD2d 140, 143 [1999]; *People v Ennis*, 197 AD2d 404 [1993]). However, the error was harmless beyond a reasonable doubt. There was overwhelming evidence at trial of the defendant's identity as one of the attackers, including his gang affiliation, and there is no reasonable possibility that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Hamlin*, 71 NY2d 750, 756 [1988]; *People v Smith*, 42 AD3d 553 [2007]; *People v Alleyne*, 34 AD3d 367, 368 [2006]).

Contrary to the defendant's contention, viewing the evidence

in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of gang assault in the first degree and assault in the first degree (*see* Penal Law §§ 120.10 [1]; 120.07; *People v Stewart*, 18 NY3d 831, 832-833 [2011]; *People v Pickersgill*, 41 AD3d 866, 867 [2007]; *People v Crawford*, 200 AD2d 683, 684 [1994]; *People v Blunt*, 176 AD2d 741, 742 [1991]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt of robbery in the first degree and robbery in the second degree. "The core requirement for all three degrees of robbery under the Penal Law is proof that the defendant forcibly stole property from another" (*People v Lopez*, 73 NY2d 214, 219 [1989]; *see* Penal Law §§ 160.00, 160.05, 160.10, 160.15). Here, the defendant's convictions arose out of an incident that occurred in the early morning hours, after the victim and his friend finished doing their laundry at a 24-hour laundromat. The victim and his friend were assaulted by the defendant and at least eight other individuals. The evidence at trial showed that the victim was wearing two necklaces before the assault, and that during the attack the necklaces were "lost," or "disappeared." There was no evidence that one or more of the attackers expressed or otherwise displayed an interest in the necklaces before or during the assault. Moreover, there was no evidence that any of the attackers touched the necklaces during the assault. Under these circumstances, we find that there was legally insufficient evidence of a forcible taking. Furthermore, there was legally insufficient evidence that the defendant had the requisite intent to commit such a taking (*see People v Farrell*, 61 AD3d 696, 697 [2009]; *People v Mendez*, 34 AD3d 697, 698 [2006]; *cf. Matter of Juan J.*, 81 NY2d 739, 741 [1992]; *Matter of Louis C.*, 6 AD3d 430, 431 [2004]).

The defendant's contention that there was insufficient evidence that a bike chain used in the subject assault constituted a

dangerous instrument, raised in his supplemental pro se brief, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to support a determination that the bike chain was a dangerous instrument readily capable of causing serious physical injury (*see* Penal Law § 10.00 [13]; *Matter of Juan J.*, 81 NY2d at 741; *People v Richardson*, 166 AD2d 158, 159 [1990]; *cf. People v Hall*, 18 NY3d 122, 129 [2011]). Moreover, upon reviewing the record here, we are satisfied that such determination was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Richardson*, 166 AD2d at 159).

The defendant's contention, raised in his pro se supplemental brief, that the trial court's jury charge concerning accessorial liability was confusing, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d at 491-492). In any event, contrary to his contention, the court's charge as a whole conveyed the proper standard (*see People v Delphin*, 26 AD3d 343 [2006]).

The defendant preserved for appellate review his contention, raised in his pro se supplemental brief, that the prosecutor's summation remarks concerning the victim's ability to remember the crimes were improper. However, his contention is without merit. The challenged remarks were either responsive to arguments made by defense counsel, constituted fair comment on the evidence, or otherwise did not deprive the defendant of a fair trial (*see People v Paul*, 82 AD3d 1267, 1268 [2011]; *People v Bowen*, 67 AD3d 1022, 1023 [2009]; *People v Dunn*, 54 AD3d 871 [2008]). The defendant's remaining challenges to the prosecutor's summation remarks, raised in his pro se supplemental brief, are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit.

The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit.

In light of our determination, we need not reach the defendant's contention that the sentences imposed upon his conviction of robbery in the second degree and two counts of robbery in the first degree were excessive. The sentences imposed upon the defendant's conviction of gang assault in the first degree, assault in the first degree, and criminal possession of a weapon in the fourth degree were not excessive. Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.