OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously modified on the law, by vacating the defendant’s conviction of criminal possession of a weapon in the fourth degree and dismissing that count, by vacating the sentence imposed, and by remanding the matter to the court below for resentencing, and, as so modified, affirmed.
The defendant was charged in an information with assault in the third degree (count 1) and criminal possession of a weapon in the fourth degree (count 2). At the close of the bench trial, the court rendered its verdict, finding the defendant "guilty of the lesser included offense of attempted assault”. The court then adjourned the case for sentencing. At the sentencing proceedings, held nearly two months later, the court stated that in the course of rendering the verdict at the bench trial, it neglected to announce its verdict as to count 2 of the information. The court then proceeded to pronounce a verdict of guilty on the count charging the defendant with criminal possession of a weapon in the fourth degree.
The court had no authority or power to modify the verdict rendered at trial. CPL 350.10 (5) provides that: "If the information contains more than one count, the court must render a verdict upon each count not previously dismissed or must otherwise state upon the record its disposition of each such count. A verdict which does not so dispose of each count constitutes a verdict of not guilty with respect to each undisposed of count” (emphasis added). In the instant case, the court’s failure to dispose of the count of criminal possession in the fourth degree in rendering its bench verdict "constitute^.] a verdict of not guilty” as to this count (CPL 350.10 [5]). It is well settled that courts possess " 'inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth’ ” (People v Minay a, 54 NY2d 360, 364, cert denied 455 US 1024, quoting from Bohlen v Metropolitan El. Ry. Co., 121 NY 546, 550-551). The "verdict [however] clearly marks the termina *1030 tian of the trial (CPL 1.20, subds 11, 12), and 'conviction’ occurs upon the entry of a verdict * * * though sentence and judgment be later imposed and entered (CPL 1.20, subds 13, 14, 15; see Matter of Gunning v Codd, 49 NY2d 495)” (People v Carter, 63 NY2d 530, 538). While a trial court may, in the exercise of its inherent power, correct a formal error in a verdict, that power does not extend to a correction of substance (People v Carter, supra, at 538). The court’s subsequent modification of the verdict of acquittal was a "revocation of a finding of innocence and, as such [was] not a mere 'ministerial act’ ” (People v Pastore, 46 AD2d 870), but rather a "correction of substance” implicating the principles of the Double Jeopardy Clause. Though there is no constitutional impediment to a court’s power to modify its decisions, such a modification may not subject an individual to double jeopardy (Matter of Lionel F, 76 NY2d 747, 749). Here, the modification of the verdict resulted in a violation of the defendant’s right to be free from double jeopardy. The People’s attempt to characterize the unauthorized modification of the verdict, as a "delay” in rendering the verdict is unsupported by the record. The court neither reserved decision to render a later verdict, nor is there any indication on the record other than that the court intended the verdict to be final and conclusive. Accordingly, the defendant’s conviction of count 2 of the information charging her with criminal possession of a weapon must be vacated, and the count dismissed. Since the sentence imposed by the court was defective in its entirety (see, CPL 380.20; People v Sturgis, 69 NY2d 816), the sentence must also be vacated and the matter remanded to the trial court for resentencing.
Contrary to the defendant’s contention, the testimony at trial was legally sufficient to establish her guilt of the crime of attempted assault in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilty as to this count was not against the weight of the evidence (see, CPL 470.15 [5]).
Kassoff, P. J., Scholnick and Patterson, JJ., concur.