■ In the Matter of OMAR B., a Person Alleged to be a Juvenile Delinquent, Appellant. [817 NYS2d 330]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (O'Donoghue, J.), dated May 11, 2005, which, upon a fact-finding order of the same court dated March 16, 2005, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would

have constituted the crimes of assault in the first degree (two counts), gang assault in the first degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, attempted robbery in the third degree, attempted grand larceny in the fourth degree, jostling, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated March 16, 2005.

Ordered that the order of disposition is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provisions thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree pursuant to Penal Law § 120.10 (4) and attempted robbery in the first degree (two counts), and substituting therefor a provision dismissing the second, fifth, and sixth counts of the petition; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant failed to preserve for appellate review his contention regarding the legal sufficiency of the evidence (cf. CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20-21 [1995]). In any event, viewing the evidence in the light most favorable to the presentment agency (cf. *People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree (*see* Penal Law §§ 20.00, 120.10 [1]), gang assault in the first degree (*see* Penal Law § 120.07), attempted robbery in the second degree (*see* Penal Law §§ 110.00, 160.10 [1]), attempted robbery in the third degree (*see* Penal Law §§ 110.00, 160.05), attempted grand larceny in the fourth degree (*see* Penal Law §§ 110.00, 155.30 [5]), jostling (*see* Penal Law § 165.25 [1]), and menacing in the third degree (*see* Penal Law § 120.15). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact as to these counts of the petition were not against the weight of the evidence (cf. CPL 470.15 [5]).

We find, however, that the evidence was not legally sufficient to establish both counts of attempted robbery in the first degree, and we therefore reach this issue in the exercise of our interest of justice jurisdiction. The presentment agency *failed* to establish that the appellant or his mother stabbed the complainant during the course of or in the immediate flight from the at-

tempted robbery "for the purpose of compelling" the complainant to "deliver up property or to prevent or overcome resistance to the taking" of property (*People v Miller*, 87 NY2d 211, 214 [1995]; *see* Penal Law §§ 160.00, 160.15 [1], [3]). Thus, the findings of attempted robbery in the first degree must be vacated and those counts of the petition dismissed.

In addition, the evidence was not legally sufficient to establish assault in the first degree pursuant to Penal Law § 120.10 (4), and we therefore reach this issue in the exercise of our interest of justice jurisdiction. The presentment agency did not establish that the appellant, or another participant in the attempted robbery, caused serious physical injury to the complainant "[i]n the course of and in furtherance of" the attempted robbery, or in the "immediate flight therefrom" (Penal Law § 120.10 [4]). Accordingly, the finding of felony assault in the first degree must be vacated and that count of the petition dismissed. Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.