In the Matter of TEGURE J., a Person Alleged to be a Juvenile Delinquent, Appellant. [858 NYS2d 780]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated July 10, 2007, which, upon a fact-finding order of the same court dated April 13, 2007, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of petit larceny and resisting arrest, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months subject to certain conditions. The appeal brings up for review the fact-finding order dated April 13, 2007.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792 [1987]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of petit larceny and resisting arrest (*see* Penal Law §§ 155.25, 205.30). Moreover, resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Tanasia Elanie E.,* 49 AD3d 642 [2008]; *Matter of Allison K.,* 48 AD3d 813 [2008]; *Matter of Charles S.,* 41 AD3d 484 [2007]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the Family Court's findings are not against the weight of the evidence.

Contrary to the appellant's contention, the court providently exercised its discretion in adjudicating him a juvenile delinquent and placing him on probation (*see* Family Ct Act § 352.1), rather than directing an adjournment in contemplation of dismissal (*see* Family Ct Act § 315.3). The disposition was appropriate in light of, inter alia, the appellant's poor attendance and performance at school, and the recommendation made in the probation report (*see Matter of Michael E.,* 48 AD3d 810 [2008]; *Matter of Oneil D.,* 35 AD3d 602 [2006]; *Matter of Cesar E.,* 32 AD3d 1024 [2006]; *Matter of Gerald W.,* 12 AD3d 522, 523 [2004]). Lifson, J.P., Miller, Dillon and Eng, JJ., concur.