■ In the Matter of JAMAINE L., a Person Alleged to be a Juvenile Delinquent, Appellant. [863 NYS2d 484]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Nassau County (Marks, J.), dated March 20, 2007, which, after a hearing, found that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the third degree, and (2) an order of disposition of the same court (Smolkin, J.), dated June 1, 2007, which, upon the fact-finding order, adjudicated him a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition (*see Matter of Briona T.G.,* 47 AD3d 811 [2008]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Tegure J.,* 51 AD3d 1026 [2008]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of robbery in the third degree (*see* Family Ct Act § 342.2 [2]; Penal Law § 160.05; *Matter of Jabari W.,* 18 AD3d 767, 768 [2005]). Moreover, resolution of issues of credibility is primarily a question to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Jabari W.,* 18 AD3d 767 [2005]). Its determination in this regard should

be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Jabari W.,* 18 AD3d 767 [2005]; *People v Watson,* 12 AD3d 709 [2004]; *People v Livingston,* 184 AD2d 529 [1992]).

Finally, under the circumstances of this case, any error in permitting the receipt of testimony as to uncharged crimes was harmless (*see People v McCarthy,* 293 AD2d 490, 491-492 [2002]; *People v Sokolov,* 233 AD2d 345 [1996]; *cf. Matter of Devon B.,* 1 AD3d 432 [2003]). Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.