In the Matter of ROBERT C., Appellant. [888 NYS2d 192]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Freeman, J.), dated October 20, 2008, which, upon a fact-finding order of the same court dated May 19, 2008, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree (two counts), felony assault in the second degree, assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated May 19, 2008.

Ordered that the order of disposition is modified, on the law and the facts, (1) by deleting the provisions thereof adjudicating the appellant a juvenile delinquent based upon the findings that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree (two counts), and felony assault in the second degree and substituting therefor provisions dismissing the first, second, third, and fifth counts of the petition, and (2) by adding a provision thereto adjudicating the appellant a juvenile delin-

quent upon a finding that he committed an act which, if committed by an adult, would have constituted the crime of petit larceny; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The evidence adduced at the fact-finding hearing established that the appellant, Robert C., and a group of more than one dozen young boys assaulted the complainant on August 9, 2007, in retaliation for a one-on-one fight between the appellant and the complainant that occurred earlier that same day. During the altercation, the appellant allegedly kicked and stabbed the complainant with a knife. Only after the altercation had ended, and everyone involved in it dispersed, did the appellant pick up and take possession of the complainant's cellular telephone, which had fallen to the ground at the beginning of the attack. None of the complainant's assailants had demanded or even mentioned the cell phone during or after the altercation.

Based upon the foregoing, the Family Court found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree (two counts), felony assault in the second degree, assault in the second degree, menacing in the fourth degree, and criminal possession of a weapon in the fourth degree. After the appellant was adjudicated a juvenile delinquent based upon the aforementioned acts, he was placed on probation for a period of 18 months pursuant to an order of disposition dated October 20, 2008. We modify the order of disposition.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Natayya P.*, 2 AD3d 862 [2003]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree based on the appellant's use of the knife (*see* Penal Law § 120.05 [2]), menacing in the second degree based on the appellant's use of the knife (*see* Penal Law § 120.14 [1]), and criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [2]; *Matter of Kadeem W.*, 5 NY3d 864 [2005]; *Matter of Juan J.*, 81 NY2d 739 [1992]; *Matter of Joseph J.*, 205 AD2d 777 [1994]), as well as the lesser-included offense of petit larceny, which was alleged in the petition (*see* Penal Law § 155.25; *People v Jensen*, 86 NY2d 248, 253 [1995]; *Matter of Tegure J.*, 51 AD3d 1026 [2008]). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact as to these counts were not against the

weight of the evidence (cf. CPL 470.15 [5]; see People v Romero, 7 NY3d 633 [2006]; Matter of Omar B., 30 AD3d 411, 412 [2006]).

We find, however, that the evidence was not legally sufficient to establish any of the counts related to the crime of robbery, and that the findings of the Family Court to the contrary were, thus, also against the weight of the evidence (see Matter of Niazia F., 40 AD3d 292, 293 [2007]; Matter of Omar B., 30 AD3d at 412-413; Matter of Bianca W., 267 AD2d 463 [1999]; Matter of Peter J., 184 AD2d 511, 512 [1992]). "Rather, the evidence tends to show that the taking of the cell phone was an afterthought after the physical altercation had already ended, which would not constitute robbery" (Matter of Niazia F., 40 AD3d at 293; see People v Lopez, 58 AD2d 516 [1977]). Specifically, the presentment agency failed to establish that the appellant assaulted or stabbed the complainant during the course of or in the immediate flight from the robbery "for the purpose of compelling" the complainant to "deliver up property or to prevent or overcome resistance to the taking" of property (People v Miller, 87 NY2d 211, 214 [1995]; see Penal Law §§ 160.00, 160.10 [1], [2]; § 160.15 [3]). Accordingly, the findings relating to the counts alleging robbery in the first degree and robbery in the second degree must be vacated, and those counts of the petition must be dismissed. However, the evidence was sufficient to support the finding that the appellant committed an act which, if committed by an adult, would here constitute the lesser included offense of petit larceny, based on his act of wrongfully taking the cell phone (see Penal Law § 155.25).

In addition, the evidence was legally insufficient to establish felony assault in the second degree pursuant to Penal Law § 120.05 (6) (see Matter of Omar B., 30 AD3d at 413). The presentment agency did not establish that the appellant, or another participant in the incident, caused serious physical injury to the complainant "[i]n the course of and in furtherance of" a robbery, or in the "immediate flight therefrom" (Penal Law § 120.05 [6]; see People v Suggs, 296 AD2d 559 [2002]). Accordingly, the finding of felony assault in the second degree must be vacated and that count of the petition dismissed.

Although the fact-finding order and the order of disposition must be modified in accordance with the foregoing, the matter need not be remitted to the Family Court for a new order of disposition, as there are sufficient grounds to find that the appellant committed the felony of assault in the second degree, as defined in Penal Law§ 120.05 (2), and three separate misdemeanors, for which the period of probation imposed is appropri-

ate and commensurate with his offenses (*see Matter of Omar B.,* 30 AD3d at 412) Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.