Matter of Raees T.B. (2019 NY Slip Op 03331)





Matter of Raees T.B.


2019 NY Slip Op 03331


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-11282
 (Docket No. D-12691-16)

[*1]In the Matter of Raees T.B. (Anonymous), appellant.


Keith G. Ingber, Thompson Ridge, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda M. Trentacoste and Gregory G. Meyer of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Raees T. B. appeals from an order of fact-finding and disposition (one paper) of the Family Court, Westchester County (Mary Anne Scattaretico-Naber, J.), entered September 28, 2017. The order of fact-finding and disposition, after a fact-finding hearing, found that Raees T. B. committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree and assault in the second degree, and, upon his waiving the dispositional hearing, adjudicated him a juvenile delinquent, and placed him on probation for a period of 12 months.
ORDERED that the appeal from so much of the order of fact-finding and disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, as the period of probation has expired (see Matter of Michael H., 294 AD2d 364, 364; Matter of Jacqueline S., 284 AD2d 398, 398); and it is further,
ORDERED that the order of fact-finding and disposition is reversed insofar as reviewed, on the law, without costs or disbursements, and the petition is dismissed.
The appellant was charged with acts which, if committed by an adult, would constitute, inter alia, the crimes of robbery in the second degree (Penal Law § 160.10[1]) and assault in the second degree (Penal Law § 120.05[6]), arising out of an incident at a Yonkers park whereby several youths were targeted for attack by approximately 30 youths, including the appellant, who punched, kicked, and hit the targeted youths with sticks. The appellant, together with others, was alleged to have injured the complainant and, among other things, taken a watch and a belt from the complainant. During the hearing, the complainant identified the appellant as one of the youths who punched him. However, the complainant also testified that the appellant was not one of the persons who took his belt and watch. The complainant did not testify as to when the robbery occurred in relation to when he had been punched, kicked, and hit except to say that it occurred sometime "after" and that it occurred when he was on the ground. No evidence was elicited to show that the appellant was present when the belt and watch were taken.
The Family Court found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (Penal Law § 160.10[1]) [*2]and assault in the second degree (Penal Law § 120.05[6]). The court dismissed the four other charges in the petition, including a charge of assault in the third degree (Penal Law § 120.00).
The record of the hearing demonstrates that the presentment agency failed to proffer legally sufficient evidence to establish beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would constitute robbery in the second degree as defined by Penal Law § 160.10(1). The evidence does not support the Family Court's determination that the appellant was either present for or involved in the alleged robbery of the complainant (Penal Law § 160.10[1]; see Matter of Robert C., 67 AD3d 790, 792; see also In re Bianca W., 267 AD2d 463, 464).
As a result, the Family Court's determination that the appellant committed an act which, if committed by an adult, would constitute the crime of assault in the second degree, as defined by Penal Law § 120.05(6), is also without support in the record (see Matter of Robert C., 67 AD3d at 792; Matter of Omar B., 30 AD3d 411, 413). Pursuant to Penal Law § 120.05(6), a person is guilty of assault in the second degree when he [or she], or another participant to the incident, causes physical injury to a person "[i]n the course of and in furtherance of" a felony or in the "immediate flight therefrom." Since, at the hearing, the alleged robbery is the only felony upon which the presentment agency contended that the assault in the second degree charge is predicated, and the presentment agency failed to proffer legally sufficient evidence to establish that the appellant participated in the alleged robbery or in the "immediate flight therefrom," the evidence was legally insufficient to support that charge and, therefore, that charge must be dismissed (Penal Law § 120.05[6]; see Matter of Robert C., 67 AD3d at 792).
The presentment agency contends on appeal, citing Penal Law § 120.05(1) and (2), that legally sufficient evidence supports the determination of the Family Court that the appellant committed acts that would constitute the crime of assault in the second degree. This argument fails on at least two grounds. First, the presentment agency may not rely upon Penal Law § 120.05(1), because the petition did not include a count alleging a violation of Penal Law § 120.05(1). Second, to the extent that the presentment agency's argument relies upon Penal Law § 120.05(2), the portion of the petition alleging that the appellant had committed assault in the second degree in violation of that subsection of the statute was dismissed by the court after the hearing and, thus, is barred by double jeopardy (see US Const Fifth Amend; CPL 350.10[5]; People v Coble, 94 AD3d 1520, 1520-1521; see generally People v Zohar, 158 Misc 2d 1028, 1030 [App Term, 2d Dept]).
Accordingly, the Family Court should not have found that the appellant committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree (Penal Law § 160.10) and assault in the second degree (Penal Law § 120.05[6]).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court